James Ray KERBY, Petitioner,

v.

ABILENE CHRISTIAN COLLEGE,
Respondent.

No. B–3828.

Supreme Court of Texas.

Dec. 12, 1973.

Rehearing Denied Jan. 16, 1974.

Robinson, Wilson & Holloway, James E. Robinson, Wagstaff, Harrell, Alvis, Erwin & Stubbeman, Abilene, for petitioner.

Pope, Dickenson, Batjer & Glandon, Roger L. Glandon, McMahon, Smart, Sprain, Wilson, Camp & Lee, J. Mike Lee, Abilene, for respondent.

McGEE, Justice.

Our judgment of June 27th, 1973 is set aside and our prior opinion is withdrawn and the following is substituted therefor.

This is a suit for damages resulting from an intersectional collision. Based on jury findings, the trial court rendered judgment for the Plaintiff which was reversed and rendered for the Defendant. 488 S.W.2d 496. We reverse the judgments of the courts below and render judgment for Plaintiff.

Plaintiff Kerby sued Abilene Christian College for the injuries he received when the linen truck he was driving was struck by Defendant Abilene Christian College's school bus. As a result of the collision Kerby was thrown through the open sliding door of his van, and the truck toppled upon him.

The jury found that the Abilene Christian College driver was guilty of running a red light and failure to keep a proper lookout, and that such actions were a proximate cause of the collision. The jury also found that the Abilene Christian College driver failed to make timely application of his brakes, that this was negligence and a proximate cause of the collision. Certain contributory negligence issues were answered by the jury in favor of Plaintiff/Petitioner.

The jury also found, in response to Respondent's requested Issues Nos. 21, 22, and 23, as follows:

"SPECIAL ISSUE NO. 21: Do you find from a preponderance of the evidence that the conduct of James Ray Kerby in driving with his door open on the occasion in question was negligence?

Answer 'We do' or 'We do not'.

Answer: We do ———

"In the event that you have answered the foregoing Special Issue 'We do', you will answer the following Special Issue; otherwise, you need not answer same.

"SPECIAL ISSUE NO. 22: Do you find from a preponderance of the evidence that such negligence was a proximate cause of some or all of plaintiff's injuries?

Answer 'We do' or 'We do not'.

Answer: We do ———

"In the event that you have answered the foregoing Special Issue 'We do', then you will answer the following Special Issue; otherwise, you need not answer same.

"SPECIAL ISSUE NO. 23: What percentage of the injuries received by James Ray Kerby as a result of the accident in question were sustained as a result of such negligence?

Answer: 35% ——— ."

The trial court rendered judgment for the Plaintiff by reducing the amount of damages thirty-five percent. The court of civil appeals reversed and rendered judgment for Defendant holding that the jury's answer to Special Issues Nos. 21 and 22 constituted findings of contributory negligence and proximate cause.

In reaching its decision, the court of civil appeals relied on two cases: Parrott v. Garcia, 436 S.W.2d 897 (Tex.1969), and Carter v. Harrison, 447 S.W.2d 704 (Tex. Civ.App.1969, writ ref'd n. r. e.). We do not consider those cases to be in point for the reason that Plaintiffs in both of those cases were found guilty of acts of contributory negligence that were a proximate cause of the accident made the basis of the

claim. In this case the jury has found Plaintiff free of each charged act of contributory negligence that was alleged to have caused the *accident*.

 We draw a sharp distinction between negligence contributing to the accident and negligence contributing to the damages sustained. Contributory negligence must have the causal connection with the accident that but for the conduct the accident would not have happened. Negligence that merely increases or adds to the extent of the loss or injury occasioned by another's negligence is not such contributory neligence as will defeat recovery. The conduct of driving with an open door is not unlike the conduct of driving without using available seat belts. That conduct has been held not to be actionable negligence. Quinius v. Estrada, 448 S.W. 2d 552 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.). Likewise, driving without use of available seat belts has been held not to be contributory negligence such that would bar recovery. Red Top Taxi Co. v. Snow, 452 S.W.2d 772 (Tex.Civ.App.—Corpus Christi 1970, no writ); Sonnier v. Ramsey, 424 S.W.2d 684 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.). Accord, Moore v. Fischer, 31 Colo.App. 425, 505 P.2d 383 (1972, cert. granted); Lipscomb v. Diamiani, 226 A.2d 914 (Del.Super.Ct. 1967); Kavanagh v. Butorac, 140 Ind.App. 139, 221 N.E.2d 824 (1966); Hampton v. State Highway Commission, 209 Kan. 565, 498 P.2d 236 (1972); Romankewiz v. Black, 16 Mich.App. 119, 167 N.W.2d 606 (1969); D. W. Boutwell Butane Co. v. Smith, 244 So.2d 11 (Miss.1971); Miller v. Haynes, 454 S.W.2d 293 (Mo.Ct.App. 1970); Barry v. Coca Cola Co., 99 N.J.Super. 270, 239 A.2d 273 (1967); Dillon v. Humphreys, 56 Misc.2d 211, 288 N.Y.S.2d 14 (Sup.Ct.1968); Kunze v. Stang, 191 N. W.2d 526 (N.D.1971); Miller v. Miller, 273 N.C. 228, 160 S.E.2d 65 (1968); Roberts v. Bohn, 26 Ohio App.2d 50, 269 N.E. 2d 53 (1971); Robinson v. Lewis, 254 Or. 52, 457 P.2d 483 (1969); Derheim v. N. Fiorito Co., 80 Wash.2d 161, 492 P.2d 1030

(1972). Rendition of judgment for the Defendant is therefore error.

██ Plaintiff moved at the trial court to disregard the jury's answers to Issues 21, 22, and 23 on the grounds they had no support in the evidence, and because there was no authority for submission of comparative negligence issues. Upon the trial court's judgment which reduced the jury verdict of damages by thirty-five percent, Plaintiff gave notice of appeal. He perfected his objections to the trial court ruling by cross-points in the court of civil appeals. We conclude that Plaintiff is correct that there was no evidence to support the jury answer to Special Issue No. 23. Since Issues 21, 22, and 23 are defensive issues to the amount of recovery, failure of Defendant to sustain its burden of proof on all the issues entitles Plaintiff to recover the entire $94,050 damages found by the jury.

We are aware of the conceptual difficulty of applying the mitigation of damages concept to Plaintiff's conduct antedating the negligence of the Defendant. We are aware of holdings in the analagous case of failure to fasten seat belts that such failure would not reduce a non-negligent Plaintiff's recovery by the amount of additional damages occasioned by his failure to wear seat belts. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666 (1970); Moore v. Fischer, supra; Lipscomb v. Diamiani, supra; Hampton v. State Highway Commission, supra; Romankewiz v. Black, supra; Miller v. Haynes, supra; Miller v. Miller, supra; Derheim v. N. Fiorito Co., supra. *Contra,* Bentzler v. Braun, 34 Wis.2d 362, 149 N.W.2d 626 (1967). Cases intimating that a reduction of the Plaintiff's damages might be proper in such an instance have nonetheless denied reduction of damages on the ground that the Defendant failed to raise the fact issue. Mercer v. Band, 484 S.W.2d 117 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); Red Top Taxi Co. v. Snow, supra; United Furniture and Appliance Co. v. Johnson, 456 S.W.2d 455

(Tex.Civ.App.—Tyler 1970, no writ); Polasek v. Quinius, 438 S.W.2d 828 (Tex. Civ.App.—Austin 1969, writ ref'd n. r. e.); Tom Brown Drilling Co. v. Nieman, 418 S.W.2d 337 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.). *Accord,* Brown v. Kendrick, 192 So.2d 49 (Fla. Dist.Ct.App.1966); Kavanagh v. Butorac, supra; Cierpisz v. Singleton, 247 Md. 215, 230 A.2d 629 (1967); Barry v. Coca Cola Co., supra; Bentzler v. Braun, supra.

The experts in the instant case confessed an inability to determine what injuries would have been suffered had the door been closed. Even if there were proof that the particular injury suffered would not have been suffered had Kerby avoided being thrown from his truck, it would not support the jury's finding of percentage contribution. We reverse the judgments of the courts below, and render judgment for Plaintiff for $94,050.

POPE, J., not sitting.