**KING SON WONG et ux., Appellants,**

v.

**CARNATION COMPANY et al., Appellees.**

**No. 955.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 10, 1974.

Rehearing Denied May 1, 1974.

Homer T. Bouldin, Houston, for appellants.

Thomas P. Sartwelle, Russell H. McMains, Fulbright & Crooker, Marvin King, Houston, for appellees.

CURTISS BROWN, Justice.

This is a personal injury case.

Appellants, plaintiffs below, received personal injuries when defendant's truck struck the car in which they were riding. The jury found, in response to special issues, that the defendant driver failed to keep a proper lookout, failed to make proper application of his brakes, and failed to .yield the right of way. It also found that appellants failed to wear available seat belts, that this was negligence and a proximate cause of their injuries, and that the failure caused fifty percent of the husband's injuries and seventy percent of the wife's. The trial court entered judgment for plaintiffs reducing the jury award by fifty and seventy percent respectively. Appellants filed a motion to disregard

findings on the seat belt issues, assigned the overruling of this motion as error in their motion for new trial, and assigned points of error in their brief that there was no evidence to support the jury's findings on these issues.

■ Driving without using available seat belts is neither actionable negligence, Quinius v. Estrada, 448 S.W.2d 552 (Tex. Civ.App.—Austin 1969, writ ref'd n.r.e.), nor contributory negligence that would bar recovery. Sonnier v. Ramsey, 424 S.W.2d 684 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.). The question in this case is whether a plaintiff's recovery can be reduced by the amount of damages attributable to his failure to use available seat belts.

This question was approached, but not decided, in Mercer v. Band, 484 S.W.2d 117 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). There the court stated that cases in other jurisdictions have held that there is no duty to use an available seat belt and that such a rule precludes the consideration of failure to use as a mitigation factor. However, the court in Mercer found it unnecessary to decide the issue, because no evidence of probative value was available to show the effect that seat belts would have had on the injuries sustained.

In the present case, appellees point to evidence in the record supporting the desirability of the use of seat belts as a safety measure. Appellees also say that the entire front end of the Wong vehicle struck the right front fender of the milk truck head-on, and thus was the type of accident in which the use of seat belts would be most effective. In addition they claim that Mr. Wong's brain concussion and whiplash, as well as Mrs. Wong's broken nose and whiplash, were injuries typically preventable by the use of seat belts.

The medical proof is scant. The only doctor who testified first stated, "Well, I would have to *speculate* like anyone else.

I think that the seat belts certainly do prevent a lot of these types of accidents" (emphasis added). Thereafter the doctor stated, "Yes. I think seat belts probably without out a doubt would reduce the likelihood of a head or facial injury by keeping you off of the windshield or dashboard." There was no evidence, medical or otherwise, to support the jury's findings of *percentage* contribution.

The Texas Supreme Court has recently decided Kerby v. Abilene Christian College, 503 S.W.2d 526 (Tex.Sup.1973), which we feel controls our decision in this case. In Kerby, the driver of a delivery van was injured in a collision when he fell through the open door of his van and the vehicle then fell on him. The jury found that his failure to close his door caused thirty-five percent of his injuries. The trial court entered judgment for Kerby, reducing the jury award by thirty-five percent. On appeal, the court of civil appeals held the finding on negligent failure to close his door amounted to a finding of contributory negligence and would completely bar any recovery. The Supreme Court originally reversed the court of civil appeals and affirmed the trial court, but, on rehearing, it withdrew its original opinion and substituted one which reversed and rendered judgment for Kerby for the full amount of the jury award. The present case was tried at a time between the two Kerby opinions.

■ In Kerby, the Court began by distinguishing between negligence contributing to an accident and negligence contributing to damages sustained, stating that the negligence of the latter type, which merely increases injuries caused by another's negligence, will not bar recovery. It analogized driving with an open door to failure to use available seat belts. The Court then concluded that there was no evidence in the case which would support the jury's finding that the open door caused thirty-five percent of his injuries.

The court went on to elaborate on its position:

We are aware of the conceptual difficulty of applying the mitigation of damages concept to Plaintiff's conduct antedating the negligence of the Defendant. We are aware of holdings in the analogous case of failure to fasten seat belts that such failure would not reduce a non-negligent Plaintiff's recovery by the amount of additional damages occasioned by his failure to wear seat belts. (Citing cases from other jurisdictions). Cases intimating that a reduction of the Plaintiff's damages might be proper in such an instance have nonetheless denied reduction of damages on the ground that the Defendant failed to raise the fact issue. (Citing cases from Texas and other jurisdictions).

The experts in the instant case confessed an inability to determine what injuries would have been suffered had the door been closed. Even if there were proof that the particular injury suffered would not have been suffered had Kerby avoided being thrown from his truck, it would not support the jury's finding of percentage contribution. We reverse the judgments of the courts below, and render judgment for Plaintiff for $94,050.

We interpret the second sentence of the Court's final paragraph to say that contribution to injury cannot be proven by evidence that the particular injury suffered would not have been sustained had seat belts been used. This is tantamount to holding that in Texas law the concept of mitigation of damages has no application to a plaintiff's actions which antedate the defendant's negligence. In so rejecting this antedative mitigation of damages defense, the Texas Supreme Court joined the highest state courts in Alabama, Idaho, Kansas, North Carolina, Oregon, and Washington.

We therefore hold that there is no duty to mitigate damages by wearing available seat belts. Accordingly, we reverse the judgment of the trial court and render judgment for the appellants for the full amount of the jury's damage award for physical pain and mental anguish.

Reversed and rendered.

## ON MOTION FOR REHEARING

Appellees have pointed out in their motion for rehearing that we incorrectly stated in our opinion that the present case was tried between the two Kerby opinions. Although it has no bearing on our decision in the case, in the interest of accuracy, we note that the present case was, in fact, tried before the Supreme Court's first opinion in Kerby. Judgment was entered, however, between the two opinions.

The motion for rehearing is, in all other respects, overruled.