NO. 07-04-0392-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 20, 2004



______________________________




STATE OF TEXAS, APPELLANT



V.



1998 CADILLAC 4 DOOR, ET AL., APPELLEES




_________________________________



FROM THE 4TH DISTRICT COURT OF RUSK COUNTY;



NO. 2002-220; HONORABLE J. CLAY GOSSETT, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION ON MOTION TO DISMISS
 

 The State of Texas, acting through the Office of the Attorney General, seeks to
appeal an order granting a bill of review of a prior order forfeiting money. Because no
appeal may be brought from the order at issue, we will dismiss the appeal.

 The briefs and record before us indicate the State seized property in May 2002
pursuant to warrants alleging the property was either gambling devices or gambling
proceeds. The State then initiated three proceedings. In cause number 2002-220 it sought
forfeiture of three automobiles owned by Frank Stewart. Cause numbers CR2002-120 and
CR2002-124 charged Stewart with engaging in organized criminal activity based on the
operation of gambling devices. In those proceedings the State sought forfeiture of
gambling devices, $38,704.47 in cash, $16,519.91 seized from two bank accounts, and
several items of miscellaneous personal property. 

 On January 22, 2003, the trial court rendered an agreed judgment in cause number
2002-220 returning two of the vehicles to Stewart and forfeiting the other vehicle to the
State. Stewart was convicted of possession of a gambling device in both criminal
proceedings pursuant to pleas of guilty. In cause number CR2002-124 the court rendered
an order on January 23, 2003 forfeiting 25 gambling devices, $28,103.14 in cash and
$7,447.45 seized from a bank account as gambling proceeds. It ordered return of six other
items. A March 25, 2003, order nunc pro tunc in cause number CR2002-124 added
forfeiture of an additional $9,072.46. 

 In cause number CR2002-120 the court's initial order, rendered January 23, 2003,
also forfeited 25 devices, the same money forfeited in CR2002-124, and ordered return of
the same six items as the order in CR2002-124. An amended order signed February 11,
2003, directed forfeiture of 23 machines and $10,601.33 in cash.

 In September 2003 Stewart filed a bill of review petition under cause number 2002-220 seeking reformation of the forfeiture judgments in CR2002-120 and CR2002-124 to
direct return of the money on the basis the State failed to show it was gambling proceeds. 
The State's answer asserted, inter alia, that forfeiture of gambling proceeds is automatic
under article 18.18(a) of the Code of Criminal Procedure, without any judicial determination
that funds are gambling proceeds. 

 Following a hearing on February 18, the trial court signed an order on March 3,
2004, directing the State to deposit the money seized in connection with cause numbers
CR2002-120 and CR2002-124, totaling $55,224.38, into the registry of the court clerk
pending "a final hearing to determine ownership of said funds."

 The trial court overruled the State's motion for new trial, and the State filed a notice
of appeal on June 1, 2004.

 Contemporaneous with filing his brief, appellee Stewart has filed a motion to dismiss
the appeal for want of jurisdiction, arguing the trial court's March 3 order is interlocutory and
not appealable. We agree. In Jordan v. Jordan, 907 S.W.2d 471 (Tex. 1995), our supreme
court considered a challenge to an order similar to the one at issue here. The court held
"[a] bill of review which sets aside a prior judgment but does not dispose of the case on the
merits is interlocutory and not appealable." Id. at 472. The order here, like the order in
Jordan, does not purport to dispose of the merits of the case, but contemplates a future
hearing and resolution. 

 Because this court therefore lacks jurisdiction over the appeal we must, and hereby
do, dismiss the appeal. Tex. R. App. P. 42.3(a).

 James T. Campbell

 Justice




                                 For each person you found caused or contributed to cause the [occurrence] [Injury]\
[occurrence or injury], find the percentage of responsibility attributable to each:
\
 \
                                      a.         Don Davis         _______________%
\
\
                                      b.         Paul Payne       _______________%
\
 \
                                                   Total                  100 %
\
'

var WPFootnote5 = '
The charge form returned to the trial court by the jury indicates they first answered subpart “b” by\
writing “100%,” then marked through the answer and wrote “yes.”
\
'

var WPFootnote6 = '
Evidence that a plaintiff failed to mitigate his damages may warrant a mitigation of damages\
instruction as opposed to a comparative negligence quesiton. See Elbaor v. Smith, 845 S.W.2d 240, 245\
(Tex. 1992) (a plaintiff’s failure to follow doctor’s orders post-accident entitles defendant to mitigation\
instruction); Moulton v. Alamo Ambulance Serv., Inc., 414 S.W.2d 444, 448-49 (Tex. 1967) (mitigation\
instruction proper where plaintiff’s failure to follow competent medical advice aggravated or enhanced the\
injuries he sustained in a collision); Young v. Thota, M.D., ___ S.W.3d ___, No. 02-05-350-CV, 2008 WL\
4938314, at *4-5 (Tex.App.–Fort Worth Nov. 20, 2008, no pet. h.) (mitigation instruction proper if patient failed\
to follow post-admission instructions). While mitigation arises from the injured party’s separate duty to act\
reasonably in reducing his damages after they are incurred, contributory negligence asks whether the plaintiff\
was the proximate cause of the original incident upon which suit was filed. Hygeia Dairy Co. v. Gonzalez, 994\
S.W.2d 220, 226 (Tex.App.–San Antonio 1999, no pet.). Mora did not plead or assert a mitigation defense. \
 \
'

var WPFootnote7 = '
That Block was not cited comports with Texas traffic law which regulates only the transportation of\
“loose material” defined as follows:
\
\
                                      Material that can be blown or spilled from a vehicle because of movement or exposure to air,\
wind currents, or other weather. The term includes dirt, sand, gravel, refuse, and wood chips\
but excludes agricultural product in its natural state.
\
\
Tex. Transp. Code Ann. §§ 725.001, 725.021 (Vernon Supp. 2008).
\
'

var WPFootnote8 = '
The Kerby Court further indicated that, “[e]ven if there were proof that the particular injury suffered\
would not have been suffered had Kerby avoided being thrown from his truck, it would not support the jury’s\
finding of percentage contribution.” 503 S.W.2d at 529.
\
'

var WPFootnote9 = '
Although the Price Court would have withheld from the jury the question whether plaintiff’s act of\
riding in the trunk caused the occurrence pursuant to the Texas Supreme Court’s pronouncement in Kerby,\
the Price Court reached an anomalous result on causation related to plaintiff’s injuries, i.e., the Price Court\
upheld a jury determination that plaintiff was negligent and caused his injuries. 2002 WL 1065875, at *5-6. \
In doing so, the Price Court did not discuss Kerby and/or its progeny; id., and the unpublished opinion has not\
been cited as support in any subsequent case. Unpublished cases such as Price may be cited but they have\
no precedential value. Tex. R. App. P. 47.7. See Associates Home Equity Services Co., Inc. v. Hunt, 151\
S.W.3d 559, 562 n.2 (Tex.App.–Beaumont 2004, no pet.); Brinker Texas, L.P. v. Looney, 135 S.W.3d 280,\
285 n.4 (Tex.App.–Fort Worth 2004, no pet.).
\
'

var WPFootnote10 = '
The Haney court did permit evidence of the gas can’s placement to be introduced for the purpose\
of determining the chain of events of the mulit-vehicle collision leading to plaintiff’s death, i.e., whether\
plaintiff’s injuries were proximately caused by a second plaintiff, the driver of a postal truck who struck her car\
from the rear, or by the defendant, the driver of a semi-tractor trailer who struck the postal truck from the rear. \
624 S.W.2d at 608. The evidence was relevant to determine whether the driver of the postal truck or the\
semi-tractor trailer proximately caused plaintiff’s injuries, not whether plaintiff caused her own injuries. Id. at\
604 (evidence indicated that, not only was the plaintiff’s vehicle afire, but the postal truck also burst into flames\
on being struck by the semi-tractor trailer). \
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-08-0092-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

 JANUARY 7, 2009

______________________________


DAVID BLOCK, APPELLANT

V.

KIMBERLY MORA, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B33,999-0504; HONORABLE ED SELF, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

OPINION


          Appellant, David Block, appeals from a judgment rendered in favor of Appellee,
Kimberly Mora, following a jury trial of his personal injury cause of action arising out of a
collision between the vehicle being driven by Mora and Block’s pickup truck. Block
presents five points of error, restated in three issues: (1) Was the evidence legally and
factually sufficient to support the jury’s verdict?; (2) Did the trial court erroneously charge
the jury on comparative fault?; and (3) Did Block conclusively establish Mora’s negligence
and his damages? Finding error in the submission of the court’s charge, we reverse and
remand.
Factual Background
          Block’s petition alleged he was driving westbound on Olton Road near an
intersection with Wal-Mart’s parking lot in Plainview, Texas, when Mora’s vehicle collided
with his pickup truck after she exited the parking lot onto Olton Road. In response, Mora
filed a general denial and asserted two affirmative defenses – contributory negligence and,
alternatively, unavoidable accident. 
          Block’s claim was tried in a two day, jury trial. The testimony at trial indicated that,
before leaving his house for work the day of the accident, Block placed a spare tire atop
four, five gallon buckets of hydraulic oil in the bed of his pickup truck. He did not secure
the tire. Later that day, while returning home from work via Olton Road, Block was driving
approximately forty-five miles per hour. As he approached the intersection of Olton Road
and the Wal-Mart parking lot, Mora pulled her vehicle in front of him, causing her vehicle
to collide with the front end of his pickup truck. On impact, the spare tire flew forward,
knocking out the pickup truck’s rear window and striking Block in the back of the neck and
shoulder while pushing him against the steering wheel. Block, his wife, and an expert
damages witness testified as to the nature and extent of his injuries.
          Mora testified that, when the accident occurred, she was driving her mother’s vehicle
without permission and had not obtained a driver’s license. She admitted that the accident
was her fault.


 After Block rested his case-in-chief, Mora put on a single witness to rebut
Block’s damages evidence and rested.
          At the jury charge conference, the trial court proposed submission of the Texas
Pattern Jury Charges


 standard broad form, joint submission of negligence and proximate
cause


 as Question No. 1, and proportionate responsibility


 as Question No. 2. 
Furthermore, the trial court proposed the use of the term injury in both questions. Block’s
counsel objected to the submission of the two questions, asserting that Mora had admitted
fault and there was no evidence that he was contributorily negligent in causing the
accident. In lieu thereof, Block proposed an instruction that stated: “Kimberly Mora has
admitted that her negligence proximately caused the occurrence in question.” Alternatively,
Block requested that the term occurrence be substituted for the term injury in Question No.
1.
           The trial court overruled his objections, denied the alternative instruction, and
charged the jury, in pertinent part, as follows:
JURY QUESTION NO. 1
Did the negligence, if any, of those named below proximately cause the
injuries, if any, to David Block?
 
Answer “Yes” or “No” for each of the following:
a. Kimberly Mora_____________
          b. David Block                              _____________
 
          Because, in answering Question No. 1, the jury answered “no” to subpart “a” and
“yes” to subpart “b,”


 the jury was not required to answer Question No. 2. When asked in
Question No. 3, “[w]hat sum of money, if paid in cash, would fairly and reasonably
compensate David Block for his injuries, if any, that resulted from the collision,” the jury
awarded no damages. Thereafter, the trial court entered a judgment that Block take
nothing by his suit and awarded costs to Mora. In Block’s subsequent motion for judgment
notwithstanding the verdict, he re-urged his objections made during the jury charge
conference. The trial court denied his motion and this appeal followed.
Discussion
          Block asserts that the evidence at trial supported judgment in his favor because
Mora’s negligence was established as a matter of law, and there was no evidence
indicating he was contributory negligent and/or proximately caused the accident or his
injuries. As such, he asserts the trial court erred in giving comparative fault instructions to
the jury and/or denying his motion for judgment notwithstanding the verdict. Block
preserved his legal sufficiency issues for appeal by timely objecting to the submission of
the comparative fault instructions and filing his motion for judgment JNOV. See Dunnagan
v. Watson, 204 S.W.3d 30, 45 (Tex.App.–Fort Worth 2006, pet. denied). 
 

          I.        Jury Charge Error
          We will first address Block’s contentions pertaining to jury charge error because that
issue is potentially dispositive of the appeal. See Tex. R. App. P. 47.1. 
                     A.       Standard of Review
          The standard of review applicable to a complaint pertaining to an alleged error in
submission of the court’s charge to the jury depends upon the particular aspect of the
charge about which the complaint is being made. See W. Wendell Hall, Standards of
Review in Texas, 38 St. Mary’s L. J. 195-200 (2006). In this case, Block is contending that
the evidence was not legally sufficient to support the trial court’s decision to submit
comparative negligence to the jury. Alternatively, he contends that the trial court erred in
submitting the comparative negligence question using the term injuries, when it should
have submitted the question using the term occurrence. Because the determination of
whether or not a legal duty exists under a given set of facts to warrant the submission of
a comparative negligence question is essentially a question of law, it is reviewable de novo. 
See Murray v. Murray, No. 02-08-031-CV, 2008 WL 5265048, at *2 (Tex.App.–Fort Worth,
Dec. 18, 2008, no pet. h.); Webb v. City of Lubbock, 380 S.W.2d 135, 136
(Tex.Civ.App.–Amarillo 1964, writ ref’d n.r.e.). 
          When conducting a de novo review, an appellate court exercises its own judgment
and redetermines each issue of fact and law. Quick v. City of Austin, 7 S.W.3d 109 (Tex.
1998). In such a review, the appellate court accords the trial court no deference. See
State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996). Accordingly, the issue is, given the facts and
circumstances of this case, was the evidence sufficient to support the submission of a
comparative negligence question to the jury?
                    B.       Broad Form Submission
          Rule 277 of the Texas Rules of Civil Procedure requires a trial court, whenever
feasible, to submit a claim or cause of action upon broad form questions. Furthermore, the
court is required to submit such instructions and definitions as are necessary and proper
to enable the jury to render a verdict based upon the appropriate law and the evidence
presented. See Tex. R. Civ. P. 277, 278. 
                     C.       Comparative Fault 
          Because comparative responsibility involves measuring the parties’ comparative
fault in causing plaintiff’s injuries, it necessitates a preliminary finding that the plaintiff was
in fact contributorily negligent.


 Kroger Co. v. Keng, 23 S.W.3d 347, 351 (Tex. 2000). See
Moore v. Kitsmiller, 201 S.W.3d 147, 151 (Tex.App.–Tyler 2006, no pet.); Howard v.
Bachman, 524 S.W.2d 414, 416 (Tex.Civ.App.–Eastland 1975, no writ). Contributory
negligence contemplates an injured person’s failure to use ordinary care in regard to his
or her own safety, Parker v. Highland Park, Inc., 565 S.W.2d 512, 520 (Tex. 1978), and
requires proof that the plaintiff was negligent and that the negligence was the proximate
cause of his or her injuries. See Brown v. Edwards Transfer Co., 764 S.W.2d 220, 223
(Tex. 1988). The standards and tests for determining contributory negligence are the same
as those for determining negligence and the rules of law applicable to the former are
applicable to the latter. Moore, 201 S.W.3d at 151. 
           Submission to the jury of a comparative fault question is not allowed “without
sufficient evidence to support the submission.” See Tex. Civ. Prac. & Rem. Code Ann. §
33.003(b) (Vernon 2006). As discussed in footnote one, there is no question that the
evidence was sufficient to support the submission of Mora’s negligence. The question is,
was there sufficient evidence to support the submission of Block’s negligence? To
determine whether legally sufficient evidence supported the submission of Block’s
negligence to the jury in a comparative fault question, we must first examine the record for
evidence supporting his negligence and ignore all evidence to the contrary. See Elbaor
v. Smith, 845 S.W.2d 240, 243 (Tex. 1992). 
 

                                Block’s Negligence and Proximate Cause
          Mora contends Block was negligent in placing his spare tire atop the hydraulic oil
cans in the bed of his pickup truck and that such negligence proximately caused his injuries
when the spare tire struck him during the collision. In support, she cites Block’s testimony
that he failed to secure the tire on the truck bed when he left home for work the day of the
accident. As a result, she contends that, while Block may not have caused the collision,
he was contributorily negligent in causing his injuries. At trial, the defendant bears the
burden of proving that the plaintiff was contributorily negligent by a preponderance of the
evidence. McDonald v. Dankworth, 212 S.W.3d 336, 340 (Tex.App.–Austin 2006, no pet.).
          Mora failed to meet that burden by failing to establish that, by placing the unsecured
spare tire in the back of his truck, Block committed an intrinsically harmful act or breached
a legal duty to Mora or to the public at large. See Elbaor, 845 S.W.2d at 245. Block’s
omission cannot constitute contributory negligence in the absence of a breach of some
legal duty. See Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex.2006); May v. Barton’s
Pump Service, Inc., 153 S.W.3d 469, 476 (Tex.App.–Amarillo 2004, no pet.). Furthermore,
there was no evidence that Block was cited for any traffic violation due to the collision,


 nor
did Mora cite any traffic law violated by Block. The uncontroverted testimony at trial
indicated Block had driven his pickup truck with the fifteen pound spare tire in its bed to
and from work at forty-five miles per hour without incident until Mora collided with his
pickup truck. Under these circumstances, it cannot be said that Block engaged in a
negligent act by placing the spare tire in the bed of his pickup truck.
          Furthermore, proximate cause is comprised of two elements – cause in fact and
foreseeability. Leitch v. Hornsby, 935 S.W.2d 114, 118-19 (Tex. 1996); City of Gladewater
v. Pike, 727 S.W.2d 514, 517 (Tex. 1987). A “negligent act or omission is not a cause in
fact unless ‘but for the conduct the accident would not have happened.’” Williams v.
Steves Indus., Inc., 699 S.W.2d 570, 575 (Tex. 1985) (quoting Kerby v. Abilene Christian
College, 503 S.W.2d 526, 528 (Tex. 1973)). If the accident would have occurred even if
the injured party had taken the required precautions, his failure to do so cannot be a
substantial factor in bringing about the accident. RESTATEMENT (SECOND) OF TORTS
§ 432(1) cmt. b (1965). Cause in fact is established when the act or omission was a
substantial factor in bringing about the occurrence, and without it, the event would not have
occurred. See IHS Cedars Treatment Center of DeSoto, Texas, Inc. v. Mason, 143
S.W.3d 794, 799 (Tex. 2003). 
          Block’s failure to secure the spare tire did not cause the vehicular collision; nor did
it cause the spare tire to suddenly fly forward and crash into the cab of his pickup truck. 
The unsecured spare tire merely provided a scenario in which Block’s injuries were
potentially enhanced or increased. Mora failed to produce any evidence that but for
Block’s conduct the accident would not have happened. Having failed to establish that
Block’s conduct was a cause in fact, Mora failed to establish proximate cause. 
          Here, regardless of whether Block secured the spare tire, the accident would have
occurred. Having failed to preliminarily establish that Block was contributorily negligent in
causing the accident, Mora was not entitled to the submission of a comparative negligence
question. Accordingly, the trial court erred in submitting Question Nos. 1 and 2.
          II.       Enhanced or Increased Injuries
          Mora contends the trial court did not err in submitting Question Nos. 1 and 2
because Block’s conduct caused his injuries to be enhanced or increased. Whether
Block’s failure to secure the tire in the pickup truck’s bed enhanced or increased his injuries
suffered in the accident is of no moment as to the issue of comparative negligence. Under
Texas law, the concept of comparative negligence has “no application to a plaintiff’s
actions which antedate the defendant’s negligence.” See King Son Wong v. Carnation
Company, 509 S.W.2d 385, 387 (Tex.App.–Houston [14th Dist.] 1974), aff’d, 516 S.W.2d
116 (Tex. 1974) (holding that persons whose negligence did not contribute to an
automobile accident should not have the damages awarded to them reduced or mitigated
because of their failure to wear available seat belts).
          In Kerby, 503 S.W.2d at 527, a linen truck driver appealed a jury verdict wherein he
was found to be thirty-five percent at fault for his injuries because, on impact with a school
bus, he was thrown through an open sliding door of the truck and, then, the truck toppled
over him. Reversing the trial court and court of appeals, the Supreme Court held that the
truck driver’s conduct of driving with the door open did not constitute contributory
negligence because it did not contribute to the accident; rather, it only provided a scenario
in which the injuries suffered in the accident were enhanced or increased. Id. at 528. 
Finding that the trial court had no authority to submit comparative negligence issues to the
jury and no evidence supported the jury’s answers favoring the defendant, the Kerby Court
stated:
[W]e draw a sharp distinction between negligence contributing to the
accident and negligence contributing to the damages sustained. 
Contributory negligence must have the causal connection with the accident
that but for the conduct the accident would not have happened. Negligence
that merely increases or adds to the extent of the loss or injury occasioned
by another’s negligence is not such contributory negligence as will defeat
recovery.
 
Id. at 528 (emphasis added).


 See also Elbaor, 845 S.W.2d at 244-45 (post-accident
conduct aggravating plaintiff’s injuries); Haney Electric Company v. Hurst, 624 S.W.2d 602,
611 (Tex.App.–Dallas 1981, writ dism’d) (purported negligence in carrying a gasoline can
in trunk of a car is a circumstance enhancing damages rather than a circumstance causing
the accident and, therefore, not an appropriate ground of contributory negligence).
          III.      Pattern Jury Charge
          Mora further contends there was sufficient evidence demonstrating that Block’s
negligence was “injury-causing” or “injury-enhancing” to support the trial court’s submission
of Question No. 1. In support, she relies on comments to PJC 4.1, the broad form
instruction upon which the trial court based Question No. 1. The comments for PJC 4.1
provide, in pertinent part, as follows:
Use of “occurrence” or “injury.” The use of “occurrence” or “injury” in this
question, as well as in PJC 4.3, could affect a case in which there is
evidence of the plaintiff’s negligence that is “injury-causing” or
“injury–enhancing” but not “occurrence–causing”: for example, carrying
gasoline in an unprotected container, which exploded in the crash, greatly
increasing the plaintiff’s injuries (preaccident negligence), or failing to follow
doctor’s orders during recovery, thereby aggravating the injuries
(postaccident negligence). In such a case the jury should not consider this
negligence in answering PJC 4.1 and 4.3 if “occurrence” is used, while it
should consider the negligence if “injury” is used. 
 
Comm. On Pattern Jury Charges, State Bar of Texas, Pattern Jury Charges PJC 4.1 cmt.
(2008). 
           To the extent Mora asserts that these comments can be interpreted to support a trial
court’s application of PJC 4.1 under circumstances such as exist in this appeal, we
disagree. Proportionate responsibility questions, such as PJC 4.1 and 4.3, are appropriate
when the defendant has met his burden of proof on contributory negligence. That the
plaintiff engaged in conduct prior to the accident that somehow increased or added to the
extent of his loss or injury does not establish contributory negligence as to the occurrence,
i.e., but for his negligence, the accident would not have occurred. See Carnation Co. v.
Wong, 516 S.W.2d 116, 117 (Tex. 1974) (failure to wear seatbelt does not permit reduction
or mitigation of plaintiff’s damages); Kerby, 503 S.W.2d at 528 (driving with the van door
open, thereby contributing to nature and extent of injuries, does not permit reduction of his
damages); Haney, 624 S.W.2d at 611 (plaintiff’s placement of a gas can in the rear of her
vehicle prior to a rear-end collision is not evidence of contributory negligence). See also
Goldberg v. Dicks, No. 12-02-00053-CV, 2004 WL 253250, at *15-16 (Tex.App.–Tyler
February 11, 2004, pet. denied) (not designated for publication) (although plaintiff was
thrown from an open truck bed on impact with defendant’s truck, plaintiff was not
contributorily negligent); Price v. Arkansas Freightways, Inc., No. 12-01-00050-CV, 2002
WL 1065875, at *6 (Tex.App.–Tyler March 22, 2002, pet denied) (not designated for
publication) (trial court erred by including a passenger riding in the trunk of a vehicle that
was struck from behind in a jury instruction asking whose negligence caused the
occurrence).


 Cf., Williams v. Steves Industries, Inc., 699 S.W.2d 570, 575 (Tex. 1985)
(some evidence of cause in fact where plaintiff’s conduct, i.e., running out of gas in the
middle of the road, contributed to the occurrence, to-wit: being struck from behind, because
jury could infer that had the car not stalled in the middle of the highway, defendant would
not have collided with it). 
          Further, to the extent the Committee on Pattern Jury Charges intended the terms
“occurrence–causing” to describe a contributory negligence defense and “injury-enhancing”
to represent a mitigation defense, we agree with the use of these terms in the comment
to PJC 4.1. However, we find no Texas cases recognizing the use of proportionate
responsibility questions where a defendant is the sole cause of an accident or occurrence
but asserts the plaintiff caused his injuries, i.e., “injury–causation.” If, but for the plaintiff’s
negligence, the accident would not have occurred then, depending upon the jury’s findings,
the plaintiff either partially or wholly caused the accident and the injuries attendant thereto. 
Stated conversely, if the accident would have occurred regardless of the plaintiff’s
negligence then the plaintiff is not proportionately responsible for the accident. See Kerby,
503 S.W.2d at 528. 
           The comments to PJC 4.1 appear to endorse the use of a proportionate
responsibility question under circumstances where a plaintiff is “carrying gasoline in an
unprotected container which explodes in the crash, greatly increasing the plaintiff’s injuries
(preaccident negligence).” These facts are similar to those in Haney Electric Company,
624 S.W.2d at 602, where the appellate court reached the opposite result. In Haney, the
appellate court determined that the preaccident placement of a gas can by plaintiff in the
rear of her car prior to a multi-vehicle accident wherein her car was struck from the rear
could not be relied upon by the defendant as evidence of contributory negligence. Id. at
611.


 Accordingly, we do not find the Committee’s comments persuasive under the
circumstances presented in this appeal. 
          Block met his burden of proof establishing Mora was negligent in causing the
collision. The evidence at trial established she had a duty to yield the right of way to Block,
failed to do so and, as a result, collided with Block’s pickup truck. At trial, Mora admitted
she was at fault. Thereafter, it was incumbent upon Mora to establish her affirmative
defense, i.e, that Block was contributorily negligent. She failed to do so. As such, Mora
is liable to Block for any injuries he may have sustained resulting from her failure to yield
the right of way. See 28 Tex.Jur.3d Damages § 2 (2006). 
          Having determined Block met his burden of proof and Mora failed to come forward
with any evidence to establish Block was contributorily negligent, we sustain Block’s
second and third points of error pertaining to jury charge error. Because we find the
evidence supporting the submission of Block’s contributory negligence to be legally
insufficient, we find the trial court erred in submitting Question Nos. 1 and 2, and we
proceed with a harm analysis.
          IV.      Harm Analysis
          When a single broad-form liability question erroneously commingles valid and invalid
liability theories and an appellant’s objection is timely and specific, the error is harmful
when it cannot be determined whether the improperly submitted theories formed the sole
basis for the jury’s finding. Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378 (Tex. 2000). 
Here, the trial court submitted two competing theories of liability within one broad-form
liability question that asked whether the negligence of the two parties involved in the
accident caused the plaintiff’s injuries. The jury’s answers, finding no negligence
attributable to Mora and finding Block as the only responsible party, commingled Block’s
valid theory of negligence with Mora’s invalid theory of comparative negligence. Because
we cannot determine whether the jury truly found that Mora was not negligent in causing
the accident or Block was solely negligent in causing his injuries (both of which findings
would be against the great weight and preponderance of the evidence), we find the
submission of Question Nos. 1 and 2 likely caused the rendition of an improper judgment. 
As such, the error was not harmless. Tex. R. App. P. 44.1(a)(1). 
          Because our finding of error requires that this cause be reversed and remanded,
and because we may not order a separate trial solely on unliquidated damages where
liability is contested, Block’s remaining points of error are pretermitted. Tex. R. App. P.
44.1(b) and 47.1.
Conclusion
          We reverse the judgment of the trial court and remand the cause for further
proceedings in conformance with this opinion. 


                                                                           Patrick A. Pirtle

                                                                                 Justice