COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 NABORS WELLS SERVICES, LTD.,
 F/K/A POOL COMPANY TEXAS, LTD., 
 AND LAURO BERNAL GARCIA,
  
                                    
 Appellants,
  
 v.
  
 ASUNCION ROMERO, 
 INDIVIDUALLY AND AS 
 REPRESENTATIVE OF THE ESTATE 
 OF AIDE ROMERO, DECEASED, 
 AND AS NEXT FRIEND OF
 EDGAR ROMERO AND SAUL 
 ROMERO, ESPERANZA SOTO,
 INDIVIDUALLY AND AS NEXT 
 FRIEND OF ESPERANZA SOTO,
 GUADALUPE SOTO, 
 MARIA ELENA SOTO, AND 
 MARTIN SOTO,
  
                                    
 Appellees. 
  
 
 
  
  
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
  
 '
  
 '
  
 '
  
 '
  
 '
  
 '
  
  
  
 
 
  
  
  
  
  
  
  
                   No. 08-09-00319-CV
  
                          Appeal from
  
 112th District
 Court
  
 of Pecos County, Texas
  
 (TC # 10319)
 
 


O
P I N I O N

 

Nabors
Well Services, Ltd., formerly Pool Company Texas, Ltd., appeals a jury verdict
that awarded actual damages of just more than $2.3 million to the Romero and
Soto families.  Nabors brings a single
issue: that the trial court abused its discretion by excluding expert and lay
testimony regarding the use or non-use of seat belts in a rollover automobile
crash.

FACTUAL SUMMARY

In
the late afternoon of December 20, 2004, 53 year-old Martin Soto was driving a
Chevrolet Suburban, a light truck utility vehicle, with seven family member
occupants, ages 48 to 43 years, southbound on U.S. 285 in rural West
Texas.  Close ahead, Lauro Garcia, a
Nabors’ employee, was driving southbound in a company tractor trailer.  Just as the SUV overtook the truck, but
before it passed clear,  Nabors’ tractor trailer
turned left to turn off the highway and the tractor’s front left bumper struck
the passing Suburban, causing it to careen off the highway roadway into scrub
brush causing it rolled over some multiple before coming to rest, upright.  Most of the Suburban occupants were ejected.

Emergency
services arrived about an hour later.  Martin
Soto, his 48-year old wife Esperanza, 15-year-old twins, Esperanza and
Guadalupe Soto, 9-year-old Marielena Soto, 8-year-old Edgar Romero, and 4-year-old
Saul Romero suffered injuries.  Marielena
and Esperanza Soto were unconscious with head injuries.  Aydee Romero was dead.

The
record is conflicted about who was wearing seatbelts at the time of the
collision.  Texas State Trooper James
Matthies recorded after the fact that all the Suburban occupants were
unrestrained except Marielena Soto and the elder Esperanza Soto.  But according to their deposition testimony,
Marielena Soto and the elder Esperanza Soto stated that they were not wearing
seatbelts.  Martin Soto and Guadalupe
Soto testified that they were belted in. 
The younger Esperanza Soto testified that she was not wearing a seat
belt.

Likewise,
testimony about who was ejected was inconsistent.  According to Guadalupe Soto, all the
occupants were ejected except the driver Martin Soto and Edgar Romeo.  But Edgar Romeo testified that he was
ejected.  Finally, EMS reports reflect
that an unspecified “family member” reported that seven of the eight occupants
were ejected. 

            The Romero and Soto families filed
suit against Nabors for negligence and vicarious liability for Lauro Garcia’s
negligence.  Primary to its defense,
Nabors retained expert witness James Funk, Ph.D., to testify regarding the
effects of seat belt or non-use in a rollover crash.  The Romero and Soto families filed a written
objection to the expert evidence on the basis that the methodology Dr. Funk
used to form his opinion was not sufficiently reliable to be admissible as
evidence.  In addition, they objected to
the admissibility of any evidence of seat-belt use, or non-use, on the basis
that such evidence was prohibited in civil trials in Texas.  Following a pretrial evidentiary hearing, the
trial court sustained both objections, and in separate written orders excluded
all seat-belt use evidence and Dr. Funk’s expert opinions.  A jury returned a verdict finding both Nabors
and Martin Soto negligent and found them 51% and 49% responsible respectively.

            In its sole issue, Nabors contends
that the trial court committed reversible error by excluding all evidence
related to the passengers’ seat-belt use, including testimony by Nabors’
biomechanics expert, James Funk, Ph.D. 
Nabors argues that although prior versions of the Texas Transportation
Code prohibited the so called, “seat-belt defense,” the current version of
Texas Transportation Code, Section 545.413, no longer requires such evidence to
be excluded from trial.  See Tex.Transp.Code, § 545.413 (West
2011). In response, the Romeros and Sotos contend that the 2003 amendments in
Section 545.413, were not intended to supplant existing Texas common law, which
the families argue, continues to reject the admissibility of seat-belt use
evidence in primary collision cases. 

STANDARD OF REVIEW

            A trial court’s decision to admit or
exclude evidence is generally reviewed for an abuse of discretion.  All
Metals Fabricating, Inc. v. Ramer Concrete, Inc., 338 S.W.3d 557, 561
(Tex.App.--El Paso 2009, no pet.).  Even
if error occurs, the case will not be reversed unless the error probably caused
the rendition of an improper judgment.  See Tex.R.App.P.
44.1; Owens-Corning Fiberglass
Corporation v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). 

            The standard of review for a pure
legal question is de novo, and a
reviewing court must determine if the trial court acted without reference to
any guiding rules or principles.  Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990).  When conducting a de novo review, an appellate court
exercises its own judgment and redetermines each issue of fact and law.  Quick
v. City of Austin, 7 S.W.3d 109 (Tex. 1998).  In so doing, we accord no deference to the
trial court.  See State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996).

THE “SEAT BELT DEFENSE”

            Prior
to repeal in 2003, Texas Transportation Code Sections 545.413(g) and 545.412(d)
provided a statutory bar to the admissibility of evidence regarding seat belt
non-usage.[1]  However, long before these provisions (and
their predecessors) were enacted, it was well established in Texas
jurisprudence that such evidence did not constitute contributory negligence,
nor was it properly considered as a means to mitigate damages.  See Carnation
Co. v. Wong, 516 S.W.2d 116, 117 (Tex. 1974); Kerby v. Abilene Christian College, 503 S.W.2d 526, 528 (Tex.
1974); Pool v. Ford Motor Co., 715
S.W.2d 629, 633 (Tex. 1986); see also
Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132, 134 (Tex. 1994)(“[T]he
legislature could have overruled our decision in Kerby and Carnation and
established a basis for a negligence per se defense whenever a plaintiff
failed to wear a seat belt.  Instead, the
legislature . . . ratif[ied] Carnation’s holding.”).

            The first case in Texas to address
the issue of a seat belt defense held there was insufficient evidence to show
that the decedents, whose deaths resulted from a motor vehicle collision, would
have lived had they worn their seat belts. 
Tom Brown Drilling Co. v. Nieman,
418 S.W.2d 337, 341 (Tex.Civ.App.--Eastland 1967, writ ref’d n.r.e).  The court noted that there was neither a
mandatory seat belt usage statute in Texas nor authority to determine whether a
plaintiff had a duty to wear a seat belt. 
The court discussed the split in other jurisdictions with respect to
recognizing the so called “seat belt defense” but it did not directly address
whether the plaintiff had a responsibility to use an available seat belt.  One year later, an intermediate court again
refused to decide whether the plaintiff had a duty to wear a seat belt.  Sonnier
v. Ramsey, 424 S.W.2d 684 (Tex.Civ.App.--Houston [1st Dist.] 1968, writ ref’d
n.r.e).  But the opinion appeared to
suggest the possibility of considering the seat belt defense in subsequent
cases.  The court noted that should such
a scenario occur, the seat belt defense should be used when addressing damages,
rather than when determining liability. 
The question was finally answered in Quinius
v. Estrada, 448 S.W.2d 552, 554 (Tex.Civ.App.--Austin 1969, writ ref’d
n.r.e.).  The answer was no.  See id.
(determining that the plaintiff had no duty to fasten the seat belt and
therefore failure to fasten was not negligent). 

            Several years after Quinius, the Texas Supreme Court decided
Kerby.  This case involved a car collision between a
van driven by Kerby and a school bus driven by an employee of the college.  After running a red light, the employee drove
the bus into Kerby’s van.  The door to
Kerby’s van was open and, as a result, Kerby was ejected and crushed.  The Supreme Court compared driving with a
door open to driving without a seat belt. 
Both, the court noted, were not actionable negligence, but instead were “negligence
contributing to the damages sustained.” 
The Kerby court explained the
reasoning with respect to the limited value of evidence that a claimant was
unbelted:

We draw a sharp
distinction between negligence contributing to the accident and negligence
contributing to the damages sustained.  Contributory
negligence must have the causal connection with the accident that but for the
conduct the accident would not have happened.  Negligence that merely increases or adds to
the extent of the loss or injury occasioned by another’s negligence is not such
contributory negligence as will defeat recovery.  The conduct of driving . . . without use of
available seat belts has been held not to be contributory negligence.

 

Kerby, 503 S.W.2d at 528.  The decision was important because it
distinguished between negligence that contributes to the accident and
negligence that worsens the injuries sustained. 
While the court did not specifically say that evidence of non-use was
irrelevant, it criticized the suitability of the evidence.  Further, the court’s distinction between the
two types of negligence pointed out the inadequacies of a negligence theory in
addressing the seat belt defense.

            Shortly after Kerby was decided, the Texas Supreme Court, in a per curiam opinion, denied a petition
for writ of error in King Son Wong v. Carnation
Co.  The Wongs sued Carnation after
sustaining injuries when their automobile was negligently struck by a truck
owned by Carnation.  The trial court
admitted seat belt evidence and found that the plaintiffs’ failure to buckle
their seat belts constituted negligence and was a proximate cause of the
injuries they sustained.  The appellate
court reversed, holding that under Kerby,
there was no duty to wear a seat belt in order to mitigate damages.  509 S.W.2d 385, 387 (Tex.Civ.App.--Houston
[14th Dist.] 1974).  The Texas Supreme
Court refused the application for writ of error, rejecting all cases from other
jurisdictions that allowed the seat belt defense to completely bar a plaintiff’s
recovery through contributory negligence. 
516 S.W.2d at 116.  The court then
dismissed the mitigation of damages approach, stating that “there was no
evidence to prove that had plaintiff been wearing seat belts [sic], the
injuries suffered would have been less than those actually sustained.”  Id. at
117.  The Supreme Court determined that
the Court of Civil Appeals’ decision was correct because “persons whose
negligence did not contribute to an automobile accident should not have the
damages awarded to them reduced or mitigated because of their failure to wear
available seat belts.”

In 1985, the Texas Legislature enacted the mandatory seat belt statute.  See
former Tex.Rev.Civ.Stat. art.
6701d, § 107C(j).  In addition to making
non-use of a seat belt an offense, Section 107C(j) provided that “[u]se or
nonuse of a safety belt is not admissible evidence in a civil trial.”[2]  In other words, the Legislature codified the
holding in Carnation.  As a result, there was no possibility for a
tort litigant to raise a seat belt defense in Texas because for nearly two
decades the statute continued to prevent admission of seat belt nonuse evidence
when it was being offered in an attempt to reduce a defendant’s liability.  Section 107C(j) was later replaced with Sections
545.412(d) and 545.413(g) of the Texas Transportation Code.  Accordingly, notwithstanding the repeal of Sections
545.412(d) and 545.413(g), evidence of non-use is inadmissible because it is an
act which precedes the crash-causing negligence and the duty to mitigate
damages rises only after those acts which led to the crash.




 

THE 2003 REPEAL OF STATUTORY BARS 

            In 2003, as part of House Bill 4, the
Legislature repealed Texas Transportation Code Sections 545.412(d) and
545.413(g) without substituting any language whatsoever.  Surprisingly few opinions have addressed the
seat-belt defense in light of the legislative amendments.  However, there are a handful of cases which
we find relevant to our analysis.

            In Idar v. Cooper Tire and Rubber Co., No. C-10-217, 2011 WL 2412613
(S.D. Tex. June 6, 2011), the defendant sought to reduce the plaintiff’s
damages based on non-use of seat  restraints. 
Id. at *8.  The court noted that, “[e]vidence of seatbelt
nonusage is no longer inadmissible under statute.”  Id.
at *9 (recognizing the repeal of Sections 545.413(g) and 545.412(d) of the
Texas Transportation Code).  “On the
other hand, the repeal of these sections does not indicate that such evidence
is now per se admissible.”  Id. at *9, citing Trenado, No. 4:08-CV-00249,
Doc. No. 194 at 33, 36.  First, the court
considered whether the claims for damages should be barred, in whole or in
part, under the doctrine of comparative responsibility for the failure to
utilize seat belts.  Id. at *10-11.  It recited
the Texas comparative responsibility statute which provides that “the Court
shall reduce the amount of damages to be recovered by the claimant with respect
to a cause of action by a percentage equal to the claimant’s percentage of
responsibility.”  Id. at 10, citing Tex.Civ.Prac.&Rem.Code
§ 33.012(a).  The court continued: 

The Texas Supreme Court has held in cases prior
to repeal of the Code’s provisions that ‘persons whose negligence did not
contribute to an automobile accident should not have the damages awarded to
them reduced or mitigated because of their failure to wear available seatbelts.’

 

Id., citing Carnation, 516 S.W.2d at 117; and
Bridgestone/Firestone, Inc., 878 S.W.2d at 134.  It then concluded that the alleged failure to
wear a seatbelt, “did not contribute to the automobile accident, and, under
current Texas law, they should not have their damages reduced or mitigated
because of this failure.”  Id. at 11, citing Carnation Co., 516
S.W.2d at 117; Ramirez v. Michelin N.
Am., Inc., No. 5:07-CV-01032-OLG, Doc. No. 199 (W.D. Tex. Feb. 18, 2010)(“The
current state of the law in Texas is that evidence of a plaintiff’s negligence
antedating the defendant’s wrongful conduct is not admissible to reduce or
mitigate the plaintiff’s damages.”); Pool
v. Ford Motor Co., 715 S.W.2d 629, 633 (Tex. 1986)(failure to wear
available seat belts); Kerby v. Abilene
Christian College, 503 S.W.2d 526, 528 (Tex. 1973)(driving with an open
delivery van door); Haney Elec. Co. v.
Hurst, 624 S.W.2d 602, 611 (Tex.Civ.App.--Dallas 1981, writ dism’d)(driving
with a can of gasoline in the rear of a station wagon); Block v. Mora, No. 07-08-0092-CV, 2009 WL 35421 *7
(Tex.App.--Amarillo Jan. 7, 2009, pet. dism’d)(driving with an unsecured tire
in the bed of a pickup truck); and Goldberg
v. Dicks, No. 12-02-00053-CV, 2004 WL 253250, at *15-16 (Tex.App.--Tyler
February 11, 2004, pet. denied)(riding in an open pickup truck bed).

            Secondly,
the court considered whether non-usage could mitigate damages, finding that
mitigation “does not apply in these circumstances.”  Id. at
11.  “The mitigation of damages doctrine
requires an injured party to exercise reasonable care to minimize its damages if
damages can be avoided with only slight expense and reasonable effort.”  Id.,
citing Cotton v. Weatherford Bancshares,
Inc., 187 S.W.3d 687, 708 (Tex.App.--Fort Worth 2006, pet. denied.).  Because the plaintiff’s non-use of a
restraint system was “subsequent negligence” it did not warrant a deduction in
recovery based on a failure to mitigate.

WAS EXCLUSION ERROR?

            We now turn to the first prong of
our inquiry -- did the trial court abuse its discretion by excluding evidence
regarding the non-usage of seat belts? 
For more than thirty years, Texas law has recognized that the use (or
non-use) of a seat-belt does not make a collision more or less likely and
therefore does not constitute contributory negligence.  Likewise, the non-use of a seat belt cannot constitute
a failure to mitigate damages because the claimant cannot reduce its damages
before they occur, and the act of using or not using the seat belt does not
intervene between the defendant’s negligence and the claimant’s damages.  

            In repealing Sections 545.412 and
545.413, the Legislature had the opportunity to mandate admissibility, but it
chose to remain silent on the issue. 
Therefore, legislative amendments had no bearing on the continuing
effect of Carnation, Kerby, Glyn-Jones,
and their progeny.  As an intermediate
appellate court, it is not within our province to overturn prior Supreme Court
authority.  “It is not the function of a court of appeals to abrogate or modify established
precedent.  That function lies solely
with [the Supreme] Court.”  Lubbock County, Texas v. Trammel’s
Lubbock Bail Bonds, 80 S.W.3d
580, 585 (Tex. 2002);
see also Petco Animal Supplies, Inc. v.
Schuster, 144 S.W.3d
554, 565 (Tex.App.--Austin 2004, no pet.)(“As an intermediate appellate court, we are not free to mold Texas law as we see fit
but must instead follow the precedents of the Texas Supreme Court
unless and until the high court
overrules them or the Texas Legislature supersedes them by statute.”).

            We have been advised of comments by
State Representative Joe Nixon concerning the amendment:

HB4 now allows
the jury to know whether or not a plaintiff who is suing because of the
injuries sustained in an automobile accident was wearing a seat belt at the
time of the accident.  Unbelievably,
prior to 2003, Texas law prohibited admission of evidence that the Plaintiff
was partially at fault for their own damages for failure to wear their
seatbelt, despite the fact that state law required every passenger to wear a
seat belt.  Now, common sense prevails,
and the jury is given additional legitimate and relevant information on which
to base its verdict. 

 

 

See Joseph M. Nixon, The Purpose, History and Five Year Effect of
Recent Lawsuit Reform in Texas, Texas State Bar Litigation Section Report,
The Advocate 9, 17 (Fall 2008).  

This is
merely one legislator’s opinion and is not evidence of legislative intent.  “Explanations produced, after the fact, by
individual legislators are not statutory history, and can provide little
guidance as to what the legislature collectively intended.”  Entergy
Gulf States, Inc. v. Summers, 282 S.W.3d 433, 444 (Tex. 2009), quoting In Re Doe, 19 S.W.3d 346, 352
(Tex. 2000).  It is not proper for the
courts to read into the statute something that was not spelled out clearly by
the Legislature.  See Smith v. State, 5 S.W.3d 673, 679 (Tex.Crim.App. 1999), citing Coit v. State, 808 S.W.2d 473,
475 (Tex.Crim.App. 1991).  Absent a
specific legislative mandate affirmatively authorizing the admission of such
evidence, or legislative history specifically advising the courts of appeals in
Texas that long established court precedent is being overruled, the courts
should not guess at the Legislature’s intent.  See
Smith v. State, 5 S.W.3d 673, 678 (Tex.Crim.App. 1999).  We find no error in exclusion of the
evidence.  We overrule the sole issue for
review and affirm the judgment of the trial court below.

 

January 30, 2013                                 __________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, J., and Chew, C.J. (Senior)

Chew, C.J. (Senior), sitting by assignment

 

 

 

CONCURRING OPINION

 

            I wholly agree with Chief Justice
McClure, and write separately only to point out the Potemkin nature of the “expert testimony” offered here and that
courts must recognize the fundamental non
sequitor that risk or probability is a predictive tool, and you cannot
predict the past based on risk or probability.

 

January 30, 2013                                 _______________________________________________

DAVID
WELLINGTON CHEW, Chief Justice, Senior











[1]
 Specifically, Section 545.413(g) read, “[u]se
or nonuse of a safety belt is not admissible in a civil trial . . .” and Section
545.412(d) stated that, “[u]se or nonuse of a child passenger safety system is
not admissible evidence in a civil trial . . . .”  Acts 1995, 74th Leg. R.S., ch. 165, § 1, 1995
Tex.Gen.Laws 1644, amended by
Acts 1997, 75th Leg., R.S. ch. 165, § 30.115(a), 1997 Tex.Gen.Laws 643 (former Tex.Transp.Code
§ 545.413(g)).  Acts 1995, 74th Leg.,
R.S., ch. 165, § 1, 1995 Tex.Gen.Laws
1643, amended by Acts 1997, 75th Leg., R.S., ch. 165, § 30.114(a), 1997 Tex.Gen.Laws 643 (former Tex.Transp.Code § 545.412(a)).





[2]
 Almost ten years later, in 1994, the
Texas Supreme Court limited the statute’s application.  See
Bridgestone/Firestone, Inc. v. Glyn-Jones,
878 S.W.2d 132 (Tex. 1994).  The
plaintiff, Glyn-Jones, in addition to suing the driver of a car that collided
with hers, sued Bridgestone/Firestone, Inc., Ford Motor Company, and Champion
Motor Sales.  The plaintiff alleged
products liability and breach of warranty claims, claiming that the seat belt
was defective and failed to protect her, which resulted in her being thrown around
inside her vehicle, thereby causing further injury.  Bridgestone/Firestone argued that Glyn-Jones
was barred by Section 107C(j) from admitting evidence that she was wearing a
seat belt and therefore she was unable to prove the element of causation.  The court refused to interpret Section 107C(j)
as precluding the plaintiff from admitting evidence that proved she had used
her seat belt.  Essentially, the court
held that the purpose of the statute was “to make clear that the sole legal
sanction for the failure to wear a seat belt is the criminal penalty provided
by the statute and that the failure could not be used against the injured
person in a civil trial.”  In other
words, the statute did not bar a plaintiff from introducing evidence of seat
belt use when the claim revolved around the issue of a seat belt defect.