NO. 07-08-0092-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 7, 2009

_____

DAVID BLOCK, APPELLANT

V.

KIMBERLY MORA, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B33,999-0504; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, David Block, appeals from a judgment rendered in favor of Appellee, Kimberly Mora, following a jury trial of his personal injury cause of action arising out of a collision between the vehicle being driven by Mora and Block's pickup truck. Block presents five points of error, restated in three issues: (1) Was the evidence legally and factually sufficient to support the jury's verdict?; (2) Did the trial court erroneously charge

the jury on comparative fault?; and (3) Did Block conclusively establish Mora's negligence and his damages? Finding error in the submission of the court's charge, we reverse and remand.

## Factual Background

Block's petition alleged he was driving westbound on Olton Road near an intersection with Wal-Mart's parking lot in Plainview, Texas, when Mora's vehicle collided with his pickup truck after she exited the parking lot onto Olton Road. In response, Mora filed a general denial and asserted two affirmative defenses – contributory negligence and, alternatively, unavoidable accident.

Block's claim was tried in a two day, jury trial. The testimony at trial indicated that, before leaving his house for work the day of the accident, Block placed a spare tire atop four, five gallon buckets of hydraulic oil in the bed of his pickup truck. He did not secure the tire. Later that day, while returning home from work via Olton Road, Block was driving approximately forty-five miles per hour. As he approached the intersection of Olton Road and the Wal-Mart parking lot, Mora pulled her vehicle in front of him, causing her vehicle to collide with the front end of his pickup truck. On impact, the spare tire flew forward, knocking out the pickup truck's rear window and striking Block in the back of the neck and shoulder while pushing him against the steering wheel. Block, his wife, and an expert damages witness testified as to the nature and extent of his injuries.

2

Mora testified that, when the accident occurred, she was driving her mother's vehicle without permission and had not obtained a driver's license. She admitted that the accident was her fault.[1] After Block rested his case-in-chief, Mora put on a single witness to rebut Block's damages evidence and rested.

At the jury charge conference, the trial court proposed submission of the Texas Pattern Jury Charges[2] standard broad form, joint submission of negligence and proximate cause[3] as Question No. 1, and proportionate responsibility[4] as Question No. 2.

---

[1]Mora's counsel conceded in *voir dire*, opening argument, and a sidebar conference with the trial court that Mora was an inexperienced, unlicensed driver who had a duty to yield the right of way at the intersection and failed to do so before she collided with Block. He further represented to the trial court that she did not dispute liability.

[2]Texas Pattern Jury Charges (2008). References herein to the PJC are references to the 2008 Edition of Texas Pattern Jury Charges.

[3]**PJC 4.1 Broad Form-Joint Submission of Negligence and Proximate Cause**

QUESTION _____

Did the negligence, if any, of those named below proximately cause the [*occurrence*] [*injury*] [*occurrence or injury*] in question?

Answer "Yes" or "No" for each of the following:

a.    Don Davis    _____

b.    Paul Payne    _____

[4]**PJC 4.3  Proportionate Responsibility**

If you answered "Yes" to Question[s] __[*applicable liability question(s)*] for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the [*occurrence*] [*Injury*] [*occurrence or injury*]. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same attributed

3

Furthermore, the trial court proposed the use of the term *injury* in both questions. Block's counsel objected to the submission of the two questions, asserting that Mora had admitted fault and there was no evidence that he was contributorily negligent in causing the accident. In lieu thereof, Block proposed an instruction that stated: "Kimberly Mora has admitted that her negligence proximately caused the occurrence in question." Alternatively, Block requested that the term *occurrence* be substituted for the term *injury* in Question No. 1.

The trial court overruled his objections, denied the alternative instruction, and charged the jury, in pertinent part, as follows:

### JURY QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the injuries, if any, to David Block?

Answer "Yes" or "No" for each of the following:

a. Kimberly Mora       _____

b. David Block       _____

---

to that one in answering another question.

QUESTION _____

For each person you found caused or contributed to cause the [*occurrence*] [*Injury*] [*occurrence or injury*], find the percentage of responsibility attributable to each:

a.      Don Davis      _____%

b.      Paul Payne      _____%

        Total      _____100_____ %

4

Because, in answering Question No. 1, the jury answered "no" to subpart "a" and "yes" to subpart "b,"[5] the jury was not required to answer Question No. 2. When asked in Question No. 3, "[w]hat sum of money, if paid in cash, would fairly and reasonably compensate David Block for his injuries, if any, that resulted from the collision," the jury awarded no damages. Thereafter, the trial court entered a judgment that Block take nothing by his suit and awarded costs to Mora. In Block's subsequent motion for judgment notwithstanding the verdict, he re-urged his objections made during the jury charge conference. The trial court denied his motion and this appeal followed.

## Discussion

Block asserts that the evidence at trial supported judgment in his favor because Mora's negligence was established as a matter of law, and there was no evidence indicating he was contributory negligent and/or proximately caused the accident or his injuries. As such, he asserts the trial court erred in giving comparative fault instructions to the jury and/or denying his motion for judgment notwithstanding the verdict. Block preserved his legal sufficiency issues for appeal by timely objecting to the submission of the comparative fault instructions and filing his motion for judgment JNOV. *See Dunnagan v. Watson*, 204 S.W.3d 30, 45 (Tex.App.–Fort Worth 2006, pet. denied).

---

[5]The charge form returned to the trial court by the jury indicates they first answered subpart "b" by writing "100%," then marked through the answer and wrote "yes."

5

## I.      Jury Charge Error

We will first address Block's contentions pertaining to jury charge error because that issue is potentially dispositive of the appeal.   *See*  Tex. R. App. P. 47.1.

### A.      Standard of Review

The standard of review applicable to a complaint pertaining to an alleged error in submission of the court's charge to the jury depends upon the particular aspect of the charge about which the complaint is being made.  *See* W. Wendell Hall, *Standards of Review in Texas,* 38 St. Mary's L. J. 195-200 (2006).  In this case, Block is contending that the evidence was not legally sufficient to support the trial court's decision to submit comparative negligence to the jury.  Alternatively, he contends that the trial court erred in submitting the comparative negligence question using the term *injuries*, when it should have submitted the question using the term *occurrence.*  Because the determination of whether or not a legal duty exists under a given set of facts to warrant the submission of a comparative negligence question is essentially a question of law, it is reviewable *de novo.* *See Murray v. Murray,* No. 02-08-031-CV, 2008 WL 5265048, at *2 (Tex.App.–Fort Worth, Dec. 18, 2008, no pet. h.)*; Webb v. City of Lubbock,* 380 S.W.2d 135, 136 (Tex.Civ.App.–Amarillo 1964, writ ref'd n.r.e.).

When conducting a *de novo* review, an appellate court exercises its own judgment and redetermines each issue of fact and law. *Quick v. City of Austin,* 7 S.W.3d 109 (Tex.

6

1998).  In such a review, the appellate court accords the trial court no deference.  *See State v. Heal,* 917 S.W.2d 6, 9 (Tex. 1996).  Accordingly, the issue is, given the facts and circumstances of this case, was the evidence sufficient to support the submission of a comparative negligence question to the jury?

### B.      Broad Form Submission

Rule 277 of the Texas Rules of Civil Procedure requires a trial court, whenever feasible, to submit a claim or cause of action upon broad form questions.  Furthermore, the court is required to submit such instructions and definitions as are necessary and proper to enable the jury to render a verdict based upon the appropriate law and the evidence presented.  *See* Tex. R. Civ. P. 277, 278.

### C.      Comparative Fault

Because comparative responsibility involves measuring the parties' comparative fault in causing plaintiff's injuries, it necessitates a preliminary finding that the plaintiff was in fact contributorily negligent.[6]  *Kroger Co. v. Keng,* 23 S.W.3d 347, 351 (Tex. 2000).  *See*

---

[6]Evidence that a plaintiff failed to mitigate his damages may warrant a mitigation of damages instruction as opposed to a comparative negligence quesiton.  *See Elbaor v. Smith,* 845 S.W.2d 240, 245 (Tex. 1992) (a plaintiff's failure to follow doctor's orders post-accident entitles defendant to mitigation instruction); *Moulton v. Alamo Ambulance Serv., Inc.,* 414 S.W.2d 444, 448-49 (Tex. 1967) (mitigation instruction proper where plaintiff's failure to follow competent medical advice aggravated or enhanced the injuries he sustained in a collision); *Young v. Thota, M.D.*, ___ S.W.3d ___, No. 02-05-350-CV, 2008 WL 4938314, at *4-5 (Tex.App.–Fort Worth Nov. 20, 2008, no pet. h.) (mitigation instruction proper if patient failed to follow post-admission instructions).  While mitigation arises from the injured party's separate duty to act reasonably in reducing his damages after they are incurred, contributory negligence asks whether the plaintiff was the proximate cause of the *original incident* upon which suit was filed.  *Hygeia Dairy Co. v. Gonzalez*, 994 S.W.2d 220, 226 (Tex.App.–San Antonio 1999, no pet.).  Mora did not plead or assert a mitigation defense.

7

*Moore v. Kitsmiller,* 201 S.W.3d 147, 151 (Tex.App.–Tyler 2006, no pet.); *Howard v. Bachman*, 524 S.W.2d 414, 416 (Tex.Civ.App.–Eastland 1975, no writ). Contributory negligence contemplates an injured person's failure to use ordinary care in regard to his or her own safety, *Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 520 (Tex. 1978), and requires proof that the plaintiff was negligent and that the negligence was the proximate cause of his or her injuries. *See Brown v. Edwards Transfer Co.,* 764 S.W.2d 220, 223 (Tex. 1988). The standards and tests for determining contributory negligence are the same as those for determining negligence and the rules of law applicable to the former are applicable to the latter. *Moore,* 201 S.W.3d at 151.

Submission to the jury of a comparative fault question is not allowed "without sufficient evidence to support the submission." *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.003(b) (Vernon 2006). As discussed in footnote one, there is no question that the evidence was sufficient to support the submission of Mora's negligence. The question is, was there sufficient evidence to support the submission of Block's negligence? To determine whether legally sufficient evidence supported the submission of Block's negligence to the jury in a comparative fault question, we must first examine the record for evidence supporting his negligence and ignore all evidence to the contrary. *See Elbaor v. Smith,* 845 S.W.2d 240, 243 (Tex. 1992).

---

**Block's Negligence and Proximate Cause**

Mora contends Block was negligent in placing his spare tire atop the hydraulic oil cans in the bed of his pickup truck and that such negligence proximately caused his injuries when the spare tire struck him during the collision. In support, she cites Block's testimony that he failed to secure the tire on the truck bed when he left home for work the day of the accident. As a result, she contends that, while Block may not have caused the collision, he was contributorily negligent in causing his injuries. At trial, the defendant bears the burden of proving that the plaintiff was contributorily negligent by a preponderance of the evidence. *McDonald v. Dankworth*, 212 S.W.3d 336, 340 (Tex.App.–Austin 2006, no pet.).

Mora failed to meet that burden by failing to establish that, by placing the unsecured spare tire in the back of his truck, Block committed an intrinsically harmful act or breached a legal duty to Mora or to the public at large. *See Elbaor*, 845 S.W.2d at 245. Block's omission cannot constitute contributory negligence in the absence of a breach of some legal duty. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex.2006); *May v. Barton's Pump Service, Inc.,* 153 S.W.3d 469, 476 (Tex.App.–Amarillo 2004, no pet.). Furthermore, there was no evidence that Block was cited for any traffic violation due to the collision,[7] nor

---

[7]That Block was not cited comports with Texas traffic law which regulates only the transportation of "loose material" defined as follows:

> Material that can be blown or spilled from a vehicle because of movement or exposure to air, wind currents, or other weather. The term includes dirt, sand, gravel, refuse, and wood chips but excludes agricultural product in its natural state.

Tex. Transp. Code Ann. §§ 725.001, 725.021 (Vernon Supp. 2008).

9

did Mora cite any traffic law violated by Block. The uncontroverted testimony at trial indicated Block had driven his pickup truck with the fifteen pound spare tire in its bed to and from work at forty-five miles per hour without incident *until* Mora collided with his pickup truck. Under these circumstances, it cannot be said that Block engaged in a negligent act by placing the spare tire in the bed of his pickup truck.

Furthermore, proximate cause is comprised of two elements – cause in fact and foreseeability. *Leitch v. Hornsby*, 935 S.W.2d 114, 118-19 (Tex. 1996); *City of Gladewater v. Pike,* 727 S.W.2d 514, 517 (Tex. 1987). A "negligent act or omission is not a cause in fact unless 'but for the conduct the accident would not have happened.'" *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 575 (Tex. 1985) (quoting *Kerby v. Abilene Christian College*, 503 S.W.2d 526, 528 (Tex. 1973)). If the accident would have occurred even if the injured party had taken the required precautions, his failure to do so cannot be a substantial factor in bringing about the accident. RESTATEMENT (SECOND) OF TORTS § 432(1) cmt. b (1965). Cause in fact is established when the act or omission was a substantial factor in bringing about the occurrence, and without it, the event would not have occurred. *See IHS Cedars Treatment Center of DeSoto, Texas, Inc. v. Mason,* 143 S.W.3d 794, 799 (Tex. 2003).

Block's failure to secure the spare tire did not cause the vehicular collision; nor did it cause the spare tire to suddenly fly forward and crash into the cab of his pickup truck. The unsecured spare tire merely provided a scenario in which Block's injuries were

10

potentially enhanced or increased. Mora failed to produce any evidence that but for Block's conduct the accident would not have happened. Having failed to establish that Block's conduct was a cause in fact, Mora failed to establish proximate cause.

Here, regardless of whether Block secured the spare tire, the accident would have occurred. Having failed to preliminarily establish that Block was contributorily negligent in causing the accident, Mora was not entitled to the submission of a comparative negligence question. Accordingly, the trial court erred in submitting Question Nos. 1 and 2.

## II.    Enhanced or Increased Injuries

Mora contends the trial court did not err in submitting Question Nos. 1 and 2 because Block's conduct caused his injuries to be enhanced or increased. Whether Block's failure to secure the tire in the pickup truck's bed enhanced or increased his injuries suffered in the accident is of no moment as to the issue of comparative negligence. Under Texas law, the concept of comparative negligence has "no application to a plaintiff's actions which antedate the defendant's negligence." *See King Son Wong v. Carnation Company,* 509 S.W.2d 385, 387 (Tex.App.–Houston [14th Dist.] 1974), *aff'd,* 516 S.W.2d 116 (Tex. 1974) (holding that persons whose negligence did not contribute to an automobile accident should not have the damages awarded to them reduced or mitigated because of their failure to wear available seat belts).

11

In *Kerby*, 503 S.W.2d at 527, a linen truck driver appealed a jury verdict wherein he was found to be thirty-five percent at fault for his injuries because, on impact with a school bus, he was thrown through an open sliding door of the truck and, then, the truck toppled over him. Reversing the trial court and court of appeals, the Supreme Court held that the truck driver's conduct of driving with the door open did not constitute contributory negligence because it did not contribute to the accident; rather, it only provided a scenario in which the injuries suffered in the accident were enhanced or increased. *Id.* at 528. Finding that the trial court had no authority to submit comparative negligence issues to the jury and no evidence supported the jury's answers favoring the defendant, the *Kerby* Court stated:

> [W]e draw a sharp distinction between negligence contributing to the accident and negligence contributing to the damages sustained. Contributory negligence must have the causal connection with the accident that but for the conduct the accident would not have happened. *Negligence that merely increases or adds to the extent of the loss or injury occasioned by another's negligence is not such contributory negligence as will defeat recovery.*

*Id.* at 528 (emphasis added).[8] *See also Elbaor,* 845 S.W.2d at 244-45 (post-accident conduct aggravating plaintiff's injuries); *Haney Electric Company v. Hurst,* 624 S.W.2d 602, 611 (Tex.App.–Dallas 1981, writ dism'd) (purported negligence in carrying a gasoline can

---

[8]The *Kerby* Court further indicated that, "[e]ven if there were proof that the particular injury suffered would not have been suffered had Kerby avoided being thrown from his truck, it would not support the jury's finding of percentage contribution." 503 S.W.2d at 529.

in trunk of a car is a circumstance enhancing damages rather than a circumstance causing the accident and, therefore, not an appropriate ground of contributory negligence).

### III.    Pattern Jury Charge

Mora further contends there was sufficient evidence demonstrating that Block's negligence was "injury-causing" or "injury-enhancing" to support the trial court's submission of Question No. 1.  In support, she relies on comments to PJC 4.1, the broad form instruction upon which the trial court based Question No. 1.  The comments for PJC 4.1 provide, in pertinent part, as follows:

> **Use of "occurrence" or "injury."**  The use of "occurrence" or "injury" in this question, as well as in PJC 4.3, could affect a case in which there is evidence of the plaintiff's negligence that is "injury-causing" or "injury–enhancing" but not "occurrence–causing": for example, carrying gasoline in an unprotected container, which exploded in the crash, greatly increasing the plaintiff's injuries (preaccident negligence), or failing to follow doctor's orders during recovery, thereby aggravating the injuries (postaccident negligence).  In such a case the jury should not consider this negligence in answering PJC 4.1 and 4.3 if "occurrence" is used, while it should consider the negligence if "injury" is used.

Comm. On Pattern Jury Charges, State Bar of Texas, Pattern Jury Charges PJC 4.1 cmt. (2008).

To the extent Mora asserts that these comments can be interpreted to support a trial court's application of PJC 4.1 under circumstances such as exist in this appeal, we disagree.  Proportionate responsibility questions, such as PJC 4.1 and 4.3, are appropriate

13

when the defendant has met his burden of proof on contributory negligence. That the plaintiff engaged in conduct prior to the accident that somehow increased or added to the extent of his loss or injury does not establish contributory negligence as to the occurrence, *i.e.,* but for his negligence, the accident would not have occurred. *See Carnation Co. v. Wong*, 516 S.W.2d 116, 117 (Tex. 1974) (failure to wear seatbelt does not permit reduction or mitigation of plaintiff's damages); *Kerby*, 503 S.W.2d at 528 (driving with the van door open, thereby contributing to nature and extent of injuries, does not permit reduction of his damages); *Haney*, 624 S.W.2d at 611 (plaintiff's placement of a gas can in the rear of her vehicle prior to a rear-end collision is not evidence of contributory negligence). *See also Goldberg v. Dicks*, No. 12-02-00053-CV, 2004 WL 253250, at *15-16 (Tex.App.–Tyler February 11, 2004, pet. denied) (not designated for publication) (although plaintiff was thrown from an open truck bed on impact with defendant's truck, plaintiff was not contributorily negligent); *Price v. Arkansas Freightways, Inc.*, No. 12-01-00050-CV, 2002 WL 1065875, at *6 (Tex.App.–Tyler March 22, 2002, pet denied) (not designated for publication) (trial court erred by including a passenger riding in the trunk of a vehicle that was struck from behind in a jury instruction asking whose negligence caused the occurrence).[9] *Cf., Williams v. Steves Industries, Inc.*, 699 S.W.2d 570, 575 (Tex. 1985)

---

[9]Although the *Price* Court would have withheld from the jury the question whether plaintiff's act of riding in the trunk caused the occurrence pursuant to the Texas Supreme Court's pronouncement in *Kerby*, the *Price* Court reached an anomalous result on causation related to plaintiff's injuries, *i.e.,* the *Price* Court upheld a jury determination that plaintiff was negligent and caused his injuries. 2002 WL 1065875, at *5-6. In doing so, the *Price* Court did not discuss *Kerby* and/or its progeny; *id.,* and the unpublished opinion has not been cited as support in any subsequent case. Unpublished cases such as *Price* may be cited but they have no precedential value. Tex. R. App. P. 47.7. *See Associates Home Equity Services Co., Inc. v. Hunt*, 151 S.W.3d 559, 562 n.2 (Tex.App.–Beaumont 2004, no pet.); *Brinker Texas, L.P. v. Looney*, 135 S.W.3d 280, 285 n.4 (Tex.App.–Fort Worth 2004, no pet.).

14

(some evidence of cause in fact where plaintiff's conduct, i.e., running out of gas in the middle of the road, contributed to the occurrence, to-wit: being struck from behind, because jury could infer that had the car not stalled in the middle of the highway, defendant would not have collided with it).

Further, to the extent the Committee on Pattern Jury Charges intended the terms "occurrence–causing" to describe a contributory negligence defense and "injury-enhancing" to represent a mitigation defense, we agree with the use of these terms in the comment to PJC 4.1. However, we find no Texas cases recognizing the use of proportionate responsibility questions where a defendant is the sole cause of an accident or *occurrence* but asserts the plaintiff caused his injuries, *i.e.*, "injury–causation." If, but for the plaintiff's negligence, the accident would not have occurred then, depending upon the jury's findings, the plaintiff either partially or wholly caused the accident and the injuries attendant thereto. Stated conversely, if the accident would have occurred regardless of the plaintiff's negligence then the plaintiff is not proportionately responsible for the accident. *See Kerby*, 503 S.W.2d at 528.

The comments to PJC 4.1 appear to endorse the use of a proportionate responsibility question under circumstances where a plaintiff is "carrying gasoline in an unprotected container which explodes in the crash, greatly increasing the plaintiff's injuries (preaccident negligence)." These facts are similar to those in *Haney Electric Company*, 624 S.W.2d at 602, where the appellate court reached the opposite result. In *Haney*, the

appellate court determined that the preaccident placement of a gas can by plaintiff in the rear of her car prior to a multi-vehicle accident wherein her car was struck from the rear could not be relied upon by the defendant as evidence of contributory negligence. *Id.* at 611.[10] Accordingly, we do not find the Committee's comments persuasive under the circumstances presented in this appeal.

Block met his burden of proof establishing Mora was negligent in causing the collision. The evidence at trial established she had a duty to yield the right of way to Block, failed to do so and, as a result, collided with Block's pickup truck. At trial, Mora admitted she was at fault. Thereafter, it was incumbent upon Mora to establish her affirmative defense, *i.e,* that Block was contributorily negligent. She failed to do so. As such, Mora is liable to Block for any injuries he may have sustained resulting from her failure to yield the right of way. *See* 28 Tex.Jur.3d Damages § 2 (2006).

Having determined Block met his burden of proof and Mora failed to come forward with any evidence to establish Block was contributorily negligent, we sustain Block's second and third points of error pertaining to jury charge error. Because we find the evidence supporting the submission of Block's contributory negligence to be legally

---

[10]The *Haney* court did permit evidence of the gas can's placement to be introduced for the purpose of determining the chain of events of the mulit-vehicle collision leading to plaintiff's death, *i.e.*, whether plaintiff's injuries were proximately caused by a second plaintiff, the driver of a postal truck who struck her car from the rear, or by the defendant, the driver of a semi-tractor trailer who struck the postal truck from the rear. 624 S.W.2d at 608. The evidence was relevant to determine whether the driver of the postal truck or the semi-tractor trailer proximately caused plaintiff's injuries, not whether plaintiff caused her own injuries. *Id.* at 604 (evidence indicated that, not only was the plaintiff's vehicle afire, but the postal truck also burst into flames on being struck by the semi-tractor trailer).

insufficient, we find the trial court erred in submitting Question Nos. 1 and 2, and we proceed with a harm analysis.

### IV.    Harm Analysis

When a single broad-form liability question erroneously commingles valid and invalid liability theories and an appellant's objection is timely and specific, the error is harmful when it cannot be determined whether the improperly submitted theories formed the sole basis for the jury's finding. *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378 (Tex. 2000). Here, the trial court submitted two competing theories of liability within one broad-form liability question that asked whether the negligence of the two parties involved in the accident caused the plaintiff's injuries.  The jury's answers, finding no negligence attributable to Mora and finding Block as the only responsible party, commingled Block's valid theory of negligence with Mora's invalid theory of comparative negligence.  Because we cannot determine whether the jury truly found that Mora was not negligent in causing the accident or Block was solely negligent in causing his injuries (both of which findings would be against the great weight and preponderance of the evidence), we find the submission of Question Nos. 1 and 2 likely caused the rendition of an improper judgment. As such, the error was not harmless.  Tex. R. App. P. 44.1(a)(1).

Because our finding of error requires that this cause be reversed and remanded, and because we may not order a separate trial solely on unliquidated damages where

liability is contested, Block's remaining points of error are pretermitted.  Tex. R. App. P. 44.1(b) and 47.1.

## Conclusion

We reverse the judgment of the trial court and remand the cause for further proceedings in conformance with this opinion.


Patrick A. Pirtle
Justice