IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00185-CV

 

Stacy Hauschildt, Individually, 

and as Next Friend of A. X. and J.H., 

Minors, and as Personal 

Representative of the Estate of 

Nicholas Xiong, Deceased, and 

Charles Hauschildt,

                                                                                    Appellants

 v.

 

Central Freight Lines, Inc., and 

Jackie L. Stewart,

                                                                                    Appellees

 

 



From the 413th District
Court

Johnson County, Texas

Trial Court No. C200800401

 



MEMORANDUM  Opinion










 

            This is a case for personal
injuries and wrongful death resulting from a rear-end collision involving the
Hauschildts and Jackie Stewart.  Based upon a jury finding that Stewart was not
negligent, the trial court rendered judgment that the Hauschildts take nothing
from Stewart and his former employer, Central Freight Lines.  We affirm.

Background
Facts

            Charles and Stacy Hauschildt
are the parents of J.H.  Stacy is also the mother of A.X. and Nicholas Xiong.[1]  Charles, Stacy, and
the three children were traveling on Interstate 35 from San Antonio to Dallas,
and Charles was driving.  The left lane of the interstate was closed thus
creating a single line of traffic and a slow down at the point of the bottle
neck.  The Hauschildts claimed their vehicle was stopped on the interstate as a
result of the lane closure.  Stewart was driving a commercial truck, commonly
known as a tractor, and pulling two trailers.  Stewart’s tractor rear-ended the
Hauschildts’s vehicle injuring Charles, Stacy, A.X. and J.H.  Nicholas Xiong
was killed in the collision.  

Sufficiency of
the Evidence

            In the first issue on appeal,
the Hauschildts argue that the trial court erred in submitting the negligence
question to the jury and denying their motion for directed verdict.  In the
second issue, the Hauschildts contend that the great weight and preponderance
of the evidence proved Stewart’s negligence proximately caused the collision.  

Standard of Review

            We review a challenge to a trial court's
denial of a motion for directed verdict the same as we would review a challenge
to the legal sufficiency of the evidence.  City of Keller v. Wilson, 168
S.W.3d 802, 823 (Tex. 2005).  When a party challenges the legal sufficiency of
the evidence to support an adverse finding on which it had the burden of proof,
the party must show that the evidence establishes as a matter of law all vital
facts in support of the issue.  Dow Chem. Co. v. Francis, 46 S.W.3d 237,
241 (Tex. 2001).  

 Under a legal sufficiency standard of
review, we view the evidence in the light most favorable to the finding and
indulge every reasonable inference that supports it.  Keller v. Wilson,
168 S.W.3d at 822.  We credit favorable evidence if a reasonable fact-finder
could, and disregard contrary evidence unless a reasonable fact-finder could
not.  Id. at 827.  We may sustain a legal sufficiency challenge only
when (1) the record discloses a complete absence of evidence of a vital fact,
(2) the court is barred by rules of law or evidence from giving weight to the
only evidence offered to prove a vital fact, (3) the only evidence offered to
prove a vital fact is no more than a mere scintilla, or (4) the evidence
conclusively establishes the opposite of a vital fact.  Id. at 810.

            In reviewing a factual
sufficiency challenge, we consider all of the evidence and uphold the finding
unless the evidence is too weak to support it or the finding is so against the
overwhelming weight of the evidence as to be manifestly unjust.  Pool v.
Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).  

Stewart’s Negligence

The Hauschildts argue that the evidence
proved as a matter of law that Stewart’s negligence proximately caused the
collision.  The central issue is the amount of time that Stewart had to react
to the Hauschildts’s vehicle in the interstate.  That evidence is conflicting. 

            Officer David Wardlaw
investigated the accident.  Officer Wardlaw is certified in accident
investigation, but not in accident reconstruction.  Officer Wardlaw measured
the distance from the crest of the hill to the point of impact at 1400 feet. 
Officer Wardlaw found that a vehicle traveling 65 miles per hour would have
approximately 14.5 seconds to react from the crest of the hill to the point of
impact.  The Hauschildts argue Stewart either saw the Hauschildts’s vehicle the
entire 1400 feet and failed to react or that he should have seen the vehicle if
he was keeping a proper lookout.           

Charles testified that he was stopped on
the interstate for two to three minutes and that no other vehicle came up
behind him during that time.  Charles stated that he stopped directly behind
the car in front of him in the right hand lane.  However, the parties agree
that the Hauschildts’s vehicle traveled 100 feet from impact until it went off
the right side of the interstate and did not hit another vehicle.  Stewart’s
truck also continued in the right lane without hitting another vehicle.  

Stewart testified that as he approached
the crest of the hill, he saw the line of cars.  Stewart could not tell if the
cars were moving or sitting still.  Stewart took his foot off of the
accelerator and the “Jake brake” automatically started slowing down the truck. 
Stewart looked away briefly to check his rear-view mirrors.  When he looked
back, he saw the Hauschildts’s vehicle stopped in the right lane.  Stewart said
there was a gap between the Hauschildts’s vehicle and the traffic ahead.   Stewart
testified that impact occurred almost immediately after he saw the Hauschildts’s
vehicle. 

The Hauschildts characterize a portion
of Stewart’s testimony as showing that he saw the Hauschildts’s vehicle at the
crest of the hill, 1400 feet before impact.  However, Stewart specifically
testified at trial that he did not see the Hauschildts’s vehicle 1400 feet away
and that he only saw the vehicle immediately before impact.  

The Hauschildts contend that Stewart had
at least 1400 feet and 14 seconds in which he either saw or should have seen
their vehicle and that his failure to do so proves his negligence.  But,
according to Stewart, he saw the line of traffic ahead and began to slow down
to assess the situation.  Further, Stewart testified that he was maintaining a
proper lookout, and only briefly looked away to check his rear-view mirror. The
jury could find it reasonable for a driver to briefly check the rear-view
mirror when slowing on the interstate while approaching traffic.  There was
evidence that there was a gap between the Hauschildts’s vehicle and the other
traffic.  

            Appropriate deference must
be given to the jury's determination, especially concerning its judgment on the
weight and credibility of witness testimony because it is the sole judge of the
credibility of the witnesses and the weight to be given their testimony.  Nat'l
Freight, Inc. v. Snyder, 191 S.W.3d 416, 425 (Tex. App.—Eastland 2006, no
pet.).  Viewing all of the evidence, a reasonable fact-finder could determine
that Stewart was not negligent.  The jury’s finding of no negligence is not so
against the overwhelming weight of the evidence as to be manifestly unjust.  We
overrule the first and second issues.

Jury Charge

            In the third issue, the
Hauschildts argue that the trial court erred in submitting the negligence
question with respect to Charles because there was no evidence to support the
submission.  In the fourth issue, the Hauschildts complain that the trial court
erred in instructing the jury on unavoidable accident and emergency. 

 

Charge on Charles’s Negligence

            Question 1 of the charge asked:  “Did
the negligence, if any, of those named below proximately cause the occurrence
in question?”  The charge then instructs the jury to answer “Yes” or “No” for
each of the following: 


 Jackie  L. Stewart
 Charles Hauschildt 


The jury answered “No” for both Stewart
and Charles.

            Because the determination of
whether or not a legal duty exists under a given set of facts to warrant the
submission of a comparative negligence question is essentially a question of
law, it is reviewable de novo.  Block v. Mora, 314 S.W.3d 440, 444(Tex. App.—Amarillo
2009, no pet.).  Submission to the jury of a comparative fault question is not
allowed without sufficient evidence to support the submission.  See Tex. Civ. Prac. & Rem. Code Ann. §
33.003(b) (Vernon 2006).  To determine whether legally sufficient evidence
supported the submission of Charles’s  negligence to the jury in a comparative
fault question, we must first examine the record for evidence supporting his
negligence and ignore all evidence to the contrary.  Block v. Mora, 314
S.W.3d at 445-6.  

            There is evidence that the Hauschildts’s
vehicle driven by Charles was stopped in the right hand lane of the interstate
for two to three minutes.  There was a gap between the Hauschildts’s vehicle
and the line of traffic ahead.  There is no evidence that Charles activated the
hazard lights on the vehicle to alert oncoming traffic of his presence.  Further,
there was some evidence, as discussed in more detail below, that Charles made a
sudden lane change, pulling abruptly into Stewart’s line of travel.  There is
sufficient evidence to support the submission of Charles’s negligence.  

Moreover, assuming without agreeing that
it was error to submit the issue of Charles’s negligence, any error was
harmless.  Tex. R. App. P.
44.1(a).  The jury did not find that Charles’s negligence proximately caused
the collision.  We overrule the Hauschildts’s third issue on appeal.

Unavoidable Accident and Emergency

            The trial court instructed
the jury in Question 1 as follows:

An occurrence may be an “unavoidable
accident,” that is, an event not proximately caused by the negligence of any
party to the occurrence.

 

If a person is confronted by an
“emergency” arising suddenly and unexpectedly, which was not proximately caused
by any negligence on his part and which, to a reasonable person, requires
immediate action without time for deliberation, his conduct in such an
emergency is not negligence or failure to use ordinary care if, after such
emergency arises, he acts as a person of ordinary prudence would have acted
under the same or similar circumstances. 

 

We review a trial court’s decision to
submit a jury instruction for abuse of discretion.  Shupe v. Lindafelter,
192 S.W.3d 577, 579 (Tex. 2006).  A trial court does not abuse its discretion
in submitting an instruction if there is any support in the evidence for it.  Louisiana-Pacific
Corp. v. Knighten, 976 S.W.2d 674, 676 (Tex. 1998).  

            The evidence shows that
there was a lane closure on the interstate moving traffic to the right lane. 
Stewart came over the hill and saw the line of traffic, but did not see the Hauschildts’s
vehicle that was separated from the other traffic.  Stewart testified when he
did see the Hauschildts’s vehicle, he did not have time to react.  There was
some evidence to show that Charles made a sudden lane change.  The Hauschildts’s
vehicle suffered more damage on the right side indicating it was at an angle. 
We find that there is some evidence to support submitting the instructions on
unavoidable accident and emergency.  

            The Hauschildts argue that
submitting the instructions was harmful because it confused the jury and
resulted in a finding of no negligence.  Any error in the jury charge is
reversible only if, in light of the entire record, it was reasonably calculated
to and probably did cause the rendition of an improper judgment.  Tex. R. App. P. 44.1(a); Reinhart v.
Young, 906 S.W.2d 471, 473 (Tex. 1995).  There is no indication that the
jury was confused by the instructions.  Stewart introduced evidence to support
the jury’s finding that he was not negligent.  Any error in submitting the
instruction did not probably cause the rendition of an improper judgment.  We
overrule the Hauschildts’s fourth issue.  

Conclusion

            We affirm the trial court’s
judgment.  

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Before Chief Justice Gray,

            Justice Davis, and

            Justice Scoggins

Affirmed

Opinion delivered and filed February 9, 2011

[CV06]









[1]
The father of A.X. and Nicholas Xiong is not a party to this appeal.