

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00185-CV

STACY HAUSCHILDT, INDIVIDUALLY,
AND AS NEXT FRIEND OF A. X. AND J.H.,
MINORS, AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
NICHOLAS XIONG, DECEASED, AND
CHARLES HAUSCHILDT,

                                                            Appellants

 v.

CENTRAL FREIGHT LINES, INC., AND
JACKIE L. STEWART,

                                                            Appellees

From the 413th District Court
Johnson County, Texas
Trial Court No. C200800401

## MEMORANDUM OPINION

This is a case for personal injuries and wrongful death resulting from a rear-end collision involving the Hauschildts and Jackie Stewart. Based upon a jury finding that Stewart was not negligent, the trial court rendered judgment that the Hauschildts take nothing from Stewart and his former employer, Central Freight Lines. We affirm.

Charles and Stacy Hauschildt are the parents of J.H. Stacy is also the mother of A.X. and Nicholas Xiong.[1] Charles, Stacy, and the three children were traveling on Interstate 35 from San Antonio to Dallas, and Charles was driving. The left lane of the interstate was closed thus creating a single line of traffic and a slow down at the point of the bottle neck. The Hauschildts claimed their vehicle was stopped on the interstate as a result of the lane closure. Stewart was driving a commercial truck, commonly known as a tractor, and pulling two trailers. Stewart's tractor rear-ended the Hauschildts's vehicle injuring Charles, Stacy, A.X. and J.H. Nicholas Xiong was killed in the collision.

## SUFFICIENCY OF THE EVIDENCE

In the first issue on appeal, the Hauschildts argue that the trial court erred in submitting the negligence question to the jury and denying their motion for directed verdict. In the second issue, the Hauschildts contend that the great weight and preponderance of the evidence proved Stewart's negligence proximately caused the collision.

**Standard of Review**

We review a challenge to a trial court's denial of a motion for directed verdict the same as we would review a challenge to the legal sufficiency of the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). When a party challenges the legal sufficiency of the evidence to support an adverse finding on which it had the burden of

---

[1] The father of A.X. and Nicholas Xiong is not a party to this appeal.

proof, the party must show that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

Under a legal sufficiency standard of review, we view the evidence in the light most favorable to the finding and indulge every reasonable inference that supports it. *Keller v. Wilson*, 168 S.W.3d at 822. We credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id*. at 827. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810.

In reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the finding unless the evidence is too weak to support it or the finding is so against the overwhelming weight of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

**Stewart's Negligence**

The Hauschildts argue that the evidence proved as a matter of law that Stewart's negligence proximately caused the collision. The central issue is the amount of time that Stewart had to react to the Hauschildts's vehicle in the interstate. That evidence is conflicting.

Officer David Wardlaw investigated the accident. Officer Wardlaw is certified in accident investigation, but not in accident reconstruction. Officer Wardlaw measured

the distance from the crest of the hill to the point of impact at 1400 feet. Officer Wardlaw found that a vehicle traveling 65 miles per hour would have approximately 14.5 seconds to react from the crest of the hill to the point of impact. The Hauschildts argue Stewart either saw the Hauschildts's vehicle the entire 1400 feet and failed to react or that he should have seen the vehicle if he was keeping a proper lookout.

Charles testified that he was stopped on the interstate for two to three minutes and that no other vehicle came up behind him during that time. Charles stated that he stopped directly behind the car in front of him in the right hand lane. However, the parties agree that the Hauschildts's vehicle traveled 100 feet from impact until it went off the right side of the interstate and did not hit another vehicle. Stewart's truck also continued in the right lane without hitting another vehicle.

Stewart testified that as he approached the crest of the hill, he saw the line of cars. Stewart could not tell if the cars were moving or sitting still. Stewart took his foot off of the accelerator and the "Jake brake" automatically started slowing down the truck. Stewart looked away briefly to check his rear-view mirrors. When he looked back, he saw the Hauschildts's vehicle stopped in the right lane. Stewart said there was a gap between the Hauschildts's vehicle and the traffic ahead. Stewart testified that impact occurred almost immediately after he saw the Hauschildts's vehicle.

The Hauschildts characterize a portion of Stewart's testimony as showing that he saw the Hauschildts's vehicle at the crest of the hill, 1400 feet before impact. However, Stewart specifically testified at trial that he did not see the Hauschildts's vehicle 1400 feet away and that he only saw the vehicle immediately before impact.

The Hauschildts contend that Stewart had at least 1400 feet and 14 seconds in which he either saw or should have seen their vehicle and that his failure to do so proves his negligence. But, according to Stewart, he saw the line of traffic ahead and began to slow down to assess the situation. Further, Stewart testified that he was maintaining a proper lookout, and only briefly looked away to check his rear-view mirror. The jury could find it reasonable for a driver to briefly check the rear-view mirror when slowing on the interstate while approaching traffic. There was evidence that there was a gap between the Hauschildts's vehicle and the other traffic.

Appropriate deference must be given to the jury's determination, especially concerning its judgment on the weight and credibility of witness testimony because it is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Nat'l Freight, Inc. v. Snyder*, 191 S.W.3d 416, 425 (Tex. App.—Eastland 2006, no pet.). Viewing all of the evidence, a reasonable fact-finder could determine that Stewart was not negligent. The jury's finding of no negligence is not so against the overwhelming weight of the evidence as to be manifestly unjust. We overrule the first and second issues.

## JURY CHARGE

In the third issue, the Hauschildts argue that the trial court erred in submitting the negligence question with respect to Charles because there was no evidence to support the submission. In the fourth issue, the Hauschildts complain that the trial court erred in instructing the jury on unavoidable accident and emergency.

**Charge on Charles's Negligence**

Question 1 of the charge asked: "Did the negligence, if any, of those named below proximately cause the occurrence in question?" The charge then instructs the jury to answer "Yes" or "No" for each of the following:

a. Jackie L. Stewart

b. Charles Hauschildt

The jury answered "No" for both Stewart and Charles.

Because the determination of whether or not a legal duty exists under a given set of facts to warrant the submission of a comparative negligence question is essentially a question of law, it is reviewable de novo. *Block v. Mora*, 314 S.W.3d 440, 444(Tex. App.—Amarillo 2009, no pet.). Submission to the jury of a comparative fault question is not allowed without sufficient evidence to support the submission. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(b) (Vernon 2006). To determine whether legally sufficient evidence supported the submission of Charles's negligence to the jury in a comparative fault question, we must first examine the record for evidence supporting his negligence and ignore all evidence to the contrary. *Block v. Mora*, 314 S.W.3d at 445-6.

There is evidence that the Hauschildts's vehicle driven by Charles was stopped in the right hand lane of the interstate for two to three minutes. There was a gap between the Hauschildts's vehicle and the line of traffic ahead. There is no evidence that Charles activated the hazard lights on the vehicle to alert oncoming traffic of his presence. Further, there was some evidence, as discussed in more detail below, that

Charles made a sudden lane change, pulling abruptly into Stewart's line of travel. There is sufficient evidence to support the submission of Charles's negligence.

Moreover, assuming without agreeing that it was error to submit the issue of Charles's negligence, any error was harmless. TEX. R. APP. P. 44.1(a). The jury did not find that Charles's negligence proximately caused the collision. We overrule the Hauschildts's third issue on appeal.

**Unavoidable Accident and Emergency**

The trial court instructed the jury in Question 1 as follows:

> An occurrence may be an "unavoidable accident," that is, an event not proximately caused by the negligence of any party to the occurrence.

> If a person is confronted by an "emergency" arising suddenly and unexpectedly, which was not proximately caused by any negligence on his part and which, to a reasonable person, requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or failure to use ordinary care if, after such emergency arises, he acts as a person of ordinary prudence would have acted under the same or similar circumstances.

We review a trial court's decision to submit a jury instruction for abuse of discretion. *Shupe v. Lindafelter*, 192 S.W.3d 577, 579 (Tex. 2006). A trial court does not abuse its discretion in submitting an instruction if there is any support in the evidence for it. *Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998).

The evidence shows that there was a lane closure on the interstate moving traffic to the right lane. Stewart came over the hill and saw the line of traffic, but did not see the Hauschildts's vehicle that was separated from the other traffic. Stewart testified when he did see the Hauschildts's vehicle, he did not have time to react. There was

some evidence to show that Charles made a sudden lane change. The Hauschildts's vehicle suffered more damage on the right side indicating it was at an angle. We find that there is some evidence to support submitting the instructions on unavoidable accident and emergency.

The Hauschildts argue that submitting the instructions was harmful because it confused the jury and resulted in a finding of no negligence. Any error in the jury charge is reversible only if, in light of the entire record, it was reasonably calculated to and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a); *Reinhart v. Young*, 906 S.W.2d 471, 473 (Tex. 1995). There is no indication that the jury was confused by the instructions. Stewart introduced evidence to support the jury's finding that he was not negligent. Any error in submitting the instruction did not probably cause the rendition of an improper judgment. We overrule the Hauschildts's fourth issue.

## CONCLUSION

We affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed February 9, 2011
[CV06]